[Crim. No. 1929. First Appellate District, Division One.—March 2, 1937.]

THE PEOPLE, Respondent, v. LOUIS J. SWEET, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant was convicted of an attempt to commit the felony denounced by section 288a of the Penal Code, and he has appealed.

The sufficiency of the evidence to sustain the conviction is not questioned, nor are any of the rulings made during the course of the trial assigned as error. The points urged for reversal arise out of the proceedings had at the time of the pronouncement of judgment. In this connection the record shows that at the time defendant was first arraigned on the charge, he appeared with counsel of his own selection, entered a plea of not guilty, and waived a trial by jury. The cause

was tried on a date agreed upon by counsel, and defendant was found guilty as charged. The matter was then, at defendant's request, referred to the probation officer and continued approximately a month. The probation officer filed an adverse report, and following a hearing thereon probation was denied. Thereupon, in conformity with statutory procedure defendant was arraigned for judgment and his counsel, Mr. Creely, made and submitted a motion for new trial on all statutory grounds. At this stage of the proceedings defendant's present counsel, Mr. Ewell, appeared, stating he had just been employed in the case, and insisted on being substituted at once in the place of Mr. Creely. The court refused to permit the substitution to be made at that particular time, giving its reasons therefor; and during the discussion which followed between Mr. Ewell and the court, Mr. Ewell asked permission to file a written application for the disqualification of the judge, and for a change of venue; also a written motion to vacate the judgment of conviction, to allow defendant to withdraw his waiver of a jury trial, and to grant him a trial by jury; and in support of the application and the motion he presented and asked permission to file also an affidavit made by the defendant. The court permitted the three documents to be filed, but denied the application and the motion. Thereupon the court asked if defendant had any further cause to show why judgment should not be pronounced. Mr. Creely replied in the negative; and the court imposed sentence, immediately following which an order was made for substitution of attorneys. Thereupon Mr. Ewell moved to set aside the pronouncement of sentence, and again urged the application and the motion theretofore filed by him. The motions and the application were denied, whereupon Mr. Ewell gave oral notice of appeal.

The substance of defendant's contention on the appeal is that the trial court's refusal to allow the substitution of attorneys to be made prior to the imposition of sentence was error in that such refusal deprived defendant of his legal right to show cause why judgment should not be pronounced. It appears, however, that the only matters Mr. Ewell desired to present on behalf of the defendant, prior to the pronouncement of sentence, in addition to the grounds already urged by Mr. Creely for a new trial, were the application for disqualification and the motion to vacate the trial court's finding of con-

viction and to grant defendant a jury trial; and in this regard the record shows that the trial court not only permitted such application and motion together with the supporting affidavit to be filed, but that prior to the pronouncement of sentence it ruled adversely thereon; and all of said documents, along with a complete transcript of the proceedings had at the time they were filed and ruled upon constitute part of the record on appeal, so that the question of the propriety of the trial court's adverse rulings on said application and motion are now before us on appeal for determination. In that state of the record it cannot be successfully maintained that the refusal of the trial court to make the order for substitution of attorneys prior to the pronouncement of sentence operated to defendant's prejudice, even though it be conceded that he was entitled to have the substitution made at that particular time.

Turning then to the question of the propriety of the trial court's adverse rulings on the application for disqualification and the motion to vacate the finding of conviction, we are of the opinion that the situation presented falls clearly within and is controlled by the decision in *People* v. *Hooper*, 16 Cal. App. (2d) 704 [61 Pac. (2d) 370.] There, as here, the defendant waived a jury trial and after all the evidence was in Mr. Ewell was substituted as the defendant's attorney and obtained a continuance for some two weeks for the purpose of offering additional testimony. At the end of that time, instead of presenting further testimony, he moved to set aside the waiver of the jury trial and to grant a trial by jury. The motion was denied and the defendant was found guilty. Thereupon he filed an application to disqualify the trial judge, and his application was likewise denied, following which a motion for new trial was then denied, and sentence was imposed. On appeal, the trial court's rulings were sustained. In upholding the order denying the motion to set aside the waiver of a jury trial the reviewing court went on to say that it would seriously interfere with the orderly conduct of trial court business if an accused could waive a jury trial and near the close of the trial before the court could demand without good and sufficient cause that such waiver be set aside. And in approving the denial of the application for disqualification it was held in effect that where the application appears to be based on frivolous grounds, and sets

forth no fact or facts as required by section 170 of the Code of Civil Procedure constituting legal grounds for disqualification, but on the contrary presents only an issue of law, the trial judge himself may properly rule upon and deny the application.

In the present case the application was obviously frivolous, the only ground assigned for disqualification being that some six years prior to the commission of the offense charged in the information the trial judge occupied the position of deputy district attorney in said county; and in this connection defendant went on to aver that for that reason the trial judge entertained "a very high and personal regard for the district attorney and each of the deputy district attorneys . . . and has and will continue to resent any reflection upon the district attorney's said office; that in ruling on questions of law and on admission of evidence affiant believes and avers that it is probable that the affiant cannot have a fair or unbiased trial of the issues of law in said trial by said judge . . . '' As stated, however, not a single ruling made by the trial court during the course of the trial is assigned as error; nor is it anywhere intimated that the evidence is legally insufficient to sustain the trial court's finding as to defendant's guilt; furthermore, it is well established that before bias or prejudice can disqualify a judge it must be shown to exist against the particular party moving for the substitution of the judge (14 Cal. Jur. 821; 33 Cor. Jur. 1000), and no such claim is here made.

It may be stated also, in support of the trial court's ruling, that section 170 of the Code of Civil Procedure relating to the disqualification of judges declares: "The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge"; and in the case of *People* v. *Berman,* 117 Cal. App. 334 [4 Pac. (2d) 226], the trial court's ruling denying an application for disqualification was sustained upon the ground that the application was not seasonably made. Here, as will be noted, the application was not made until after all issues of fact in the case had been heard and determined.

