[Civ. No. 11386.  Second Appellate District, Division One.—April 19, 1938.]

BETTY COLLINS, a Minor, etc., Appellant, v. JACK NELSON, a Minor, etc., et al., Respondents.

Avery M. Blount and E. B. Drake, for Appellant.

Joe Crider, Jr., and Elber H. Tilson, for Respondents.

DORAN, J.—This is an appeal from an order granting defendants' motion for a new trial.

The facts are as follows: An action was brought by Betty Collins, a minor, against Jack Nelson, a minor, as the result of injuries sustained while riding as a guest in an automobile operated by said Jack Nelson.  The matter was tried before the court sitting with a jury.  At the conclusion of plaintiff's case, a motion for nonsuit was presented on behalf of defendant Jack Nelson, which motion was denied.  Thereafter, without producing any witnesses, said defendant presented a motion for a directed verdict, which was also denied.  The jury returned a verdict in favor of plaintiff, whereupon counsel for the minor defendant made a motion for judgment

notwithstanding the verdict, said motion being made in the alternative form, reserving the right to apply for a new trial if such motion were denied. The motion for judgment, however, was granted, and the court ordered said judgment to be entered in favor of defendants. Upon appeal by plaintiff, the appellate court reversed the holding of the trial judge and directed the court below to enter judgment on the verdict as rendered. (*Collins* v. *Nelson,* 16 Cal. App. (2d) 535 [61 Pac. (2d) 479].)

Defendants filed notice of intention to move for a new trial, on December 12, 1936. Following this, and on behalf of plaintiff, affidavits alleging disqualification, bias and prejudice of the trial judge were filed; the trial judge thereafter filed affidavits denying such bias and prejudice.

On January 13, 1937, when the motion for a new trial was to be heard, counsel for plaintiff presented a written motion for disqualification of judge, requesting the court to refer the matter of his disqualification to another judge, under the provisions of section 170 of the Code of Civil Procedure. The trial judge denied said motion for disqualification and heard the motion for a new trial, which was thereupon granted. As heretofore stated, plaintiff at this time appeals from the order granting defendants' motion for a new trial.

Among several specifications of error, appellant contends, in substance, that the trial court was without jurisdiction to try the question of his own disqualification.

Section 170 of the Code of Civil Procedure, pertinent hereto, reads in part as follows: "No . . . judge . . . shall sit or act as such in any action or proceeding: 5. When it is made to appear probable that, by reason of bias or prejudice of such . . . judge, . . . a fair and impartial trial cannot be had before him; . . . any party to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter . . . before such judge, and setting forth the fact or facts constituting the ground of the disqualification of such judge. . . . Every such statement . . . shall be verified by oath. . . . No judge of a court of record, who shall deny his disqualification, shall hear or pass upon the question of his own disqualification; but in every such case, the question of the judge's disqualification shall be heard and

44

determined by some other judge agreed upon by the parties who shall have appeared in the action or proceeding, or, in the event of their failure to agree, by a judge requested to act by the chairman of the judicial council. . . . ''

Respondents' position, in part, is as follows (quoting from respondents' brief) : ''We assume that the affidavits filed by appellant herein attempt to bring the question of the disqualification under subsection 5 of Section 170 of the Code of Civil Procedure. We seriously doubt if the affidavits charging or alleging bias or prejudice are sufficient to show even a probable bias or prejudice. It is a matter for this Honorable Court to determine whether or not the affidavits filed by appellant were sufficient to raise a question as to the disqualification of the trial court, and in the event this Honorable Court finds that such affidavits were sufficient to raise the question of disqualification to then determine whether or not other portions of Section 170 of the Code of Civil Procedure are applicable. Should it be held the affidavits were sufficient, and the question of the trial court's qualification should have been heard and determined by some other judge, it would follow that any subsequent orders made by a judge not qualified would have to be vacated, and the merits of the granting of the motion for a new trial are not involved herein.''

It should be noted that although appellant followed the procedural requirements of said section 170, the verified written ''statement'' is referred to as ''affidavits'' throughout the record of the appeal; therefore, to avoid confusion, wherever the words ''affidavits'' and ''statement'' appear in the within opinion, they may be regarded as synonymous.

So far as it relates to the appeal herein, the question as to whether the affidavits are sufficient to show probable bias or prejudice, is beside the issue. The statute provides, in substance, that no judge shall sit or act in any action or proceeding when it is made to appear probable that by reason of bias or prejudice of such judge a fair trial cannot be had before him. The expression ''when it is made to appear probable'' manifestly contemplates that the determination of such question, at least in the first instance, shall be addressed to the judgment of the judge requested, or agreed upon, to act, and in no event, as the statute further expressly provides, shall a judge who denies such alleged dis-

qualification be permitted to hear or pass upon such question. The issue as to the sufficiency of the affidavits is identical with the issue as to whether the facts alleged therein make it "appear probable" that by reason of bias or prejudice a fair trial cannot be had. Thus far that issue has not been legally determined, for the provisions of section 170 of the Code of Civil Procedure were disregarded by the trial court. It follows, therefore, that there can be nothing in that regard properly presented for appellate review.

By and with the filing of the verified statement by appellant setting forth the facts constituting the ground of the asserted disqualification, the authority of the judge against whom such statement was directed, to act further in the premises, was *ipso facto* limited to the extent and in the manner provided for in section 170 of the Code of Civil Procedure. All other purported acts were and are void *ab initio*.

For the reasons hereinbefore stated, the orders made by the trial judge, after the filing by appellant of the verified statement above mentioned, are vacated and the cause is restored to the jurisdiction of the trial court with directions to proceed under and according to section 170 of the Code of Civil Procedure.

York, P. J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1938.