[Civ. No. 11657.  First Appellate District, Division One.—January 23, 1941.]

W. K. EPHRAIM, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

John J. Redhead for Petitioner.

THE COURT.—The petition for writs of prohibition and *certiorari* is denied.

Petitioner seeks by this proceeding to restrain respondent court and judge from any further proceedings in a matter pending before said court and judge until the question of the judge's qualifications is passed upon as provided in section 170 of the Code of Civil Procedure.  That section requires that the statement of a party objecting to the judge on the ground of his disqualification must set "forth the fact or facts constituting the ground of the disqualification of such judge".  Under this section it has been held that such statements of disqualification are insufficient as a matter of law unless the facts constituting the alleged disqualification are set forth, and that mere allegations setting forth the conclusions of the affiant do not comply with the section. (*People* v. *Berman*, 117 Cal. App. 334 [4 Pac. (2d) 226]; *People* v. *Nolan*, 126 Cal. App. 623 [14 Pac. (2d) 880];

*People* v. *Emmett*, 123 Cal. App. 678 [12 Pac. (2d) 92]; *Krebs* v. *Los Angeles Ry. Corp.*, 7 Cal. (2d) 549 [61 Pac. (2d) 931].) These same cases establish the rule that when the statement of disqualification is legally insufficient the judge sought to be disqualified may disregard it or strike it from the files. An examination of the statement of disqualification filed herein demonstrates that it does not comply with the rule of the above cases in that it contains nothing but conclusions of the affiant. For that reason the trial judge properly disregarded it, and this petition must be denied.