[Crim. No. 4267.   Second Dist., Div. Two.   Oct. 5, 1948.]

In re THOMAS EDWIN HARRINGTON, a Minor, on Habeas Corpus.

George T. Davis for Petitioner.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WILSON, J.—Petitioner, a boy about 11½ years of age, was charged in the Superior Court of Contra Costa County with the crime of murder. That court, after a hearing had in session as a juvenile court, found that he was guilty of the crime charged and that he came within the provisions of section 700(m) of the Welfare and Institutions Code. Thereupon the court committed him to the California Youth Authority. He is now in the custody of the superintendent of the Fred C. Nelles School for Boys at Whittier and petitions for his release on habeas corpus.

When the cause came on for hearing before the Honorable Harold Jacoby, a judge of said court, petitioner filed with the clerk of the court and with the trial judge, in the manner prescribed by section 170 of the Code of Civil Procedure, a written objection under oath to the trial judge, together with a written statement of facts in support of his objection, to wit, the judge's bias and prejudice against petitioner. The statement sets forth the reasons why, in petitioner's opinion, the trial judge was disqualified to hear any issue of law or fact in the matter then before him. The trial judge disregarded the objections, declared that he was not disqualified, and ordered the cause to proceed to trial immediately. Petitioner objected to such procedure, to the taking of testimony, and to the determination of any question of law or fact by Judge Jacoby until his qualifications should be passed upon by another judge in the manner provided by law. (Code Civ. Proc., § 170.) The judge overruled all objections and proceeded with the trial which resulted in the commitment of petitioner as above recited. The foregoing facts are not controverted by respondent's return to the writ of habeas corpus.

Section 170 requires the affidavit of bias and prejudice to set forth "the fact or facts constituting the ground of the disqualification of such [the trial] judge." Respondent contends that the affidavit of bias and prejudice filed on behalf of petitioner is based on "frivolous" grounds and that it contains no facts but only conclusions, hence the judge was justified in disregarding it and in deciding the question of his own qualifications, citing *People* v. *Hooper*, 16 Cal.App.2d 704 [61 P.2d 370], *People* v. *Sweet*, 19 Cal.App.2d 392, 394

[65 P.2d 899], and *Ephraim* v. *Superior Court*, 42 Cal.App.2d 578 [109 P.2d 378]. In the Hooper case the defendant attempted to disqualify the judge from hearing his motion for a new trial on the sole ground that in the trial of the case to the court without a jury the judge had formed an opinion as to the guilt of the defendant. The purpose of the trial was to inform the judge of the facts so that he could and would form an opinion whereby he could determine the guilt or innocence of the defendant. The court held that the judge was justified in ruling on his own disqualification for the reason that no facts were set forth in the affidavit sufficient to show any ground therefor. In the Sweet case the only ground assigned for disqualification was that six years previously the judge had been a deputy district attorney and for that reason had a high personal regard for the district attorney and his deputies and it was probable that the defendant could not have a fair and impartial trial by the judge. Since no facts were stated showing bias and prejudice the ruling of the judge on the question of his qualifications was sustained. Likewise in the Ephraim case the affidavit of bias and prejudice alleged no facts but only conclusions of the affiant.

The affidavit of bias and prejudice presented by petitioner's attorney to the trial court states sufficient facts to require a reference to another judge for the purpose of determining the alleged disqualification of Judge Jacoby. The affidavit alleges that (1) the "extensive and unusual publicity adverse to the minor" which had already been given to the proceeding had caused a "state of feeling, sentiment, bias and prejudice" in Contra Costa County which makes it appear probable that a fair and impartial trial cannot be had before any judge living in the county; (2) Judge Jacoby is acquainted with said matters of bias, prejudice, sentiment and feeling making it improbable that he could sit in the matter as a trial judge without being affected thereby in such manner as to make it impossible for him to give the defendant a fair and impartial trial; (3) the judge has been interviewed and talked to in connection with the matters involved in and connected with the proceedings by another judge, by a deputy district attorney and others, and in the course of the conversations the judge has been informed of the nature of the charges against the defendant and of the nature of the evidence against him; the judge has otherwise been informed concerning the facts of the case and has been consulted with reference to the procedure to be followed, including whether

he should sit as the trial judge in the matter, all such conversations and consultations having been had with the judge out of the presence of the defendant's attorney and without his knowledge and without opportunity of any person representing the defendant to participate therein; (4) the effect of such acts and conduct were such as to bias and prejudice the judge to such an extent as to make it appear probable that by reason of such bias and prejudice a fair and impartial trial cannot be had before him; (5) by reason of the peculiar nature of the case and the unusual publicity that has been given to it and by reason of the acts and conduct of the deputy district attorney and other persons above related, and by reason of the local feeling and prejudice within the county it would be for the best interest of the minor child that he should be tried before a judge from outside Contra Costa County free of public reaction and of the reaction and determination of public officials of the county in connection with what should or should not be done with the defendant.

A judge should not be disqualified lightly or upon frivolous allegations or mere conclusions. At the same time consideration must be given to the fact that the defendant is a child of tender years and is charged with the crime of murder, and to the fact that his future life will be affected by his trial and by the punishment and discipline imposed upon him. Hence more careful consideration should have been given to the allegations of bias and prejudice of the trial judge than might be required in a case not fraught with the possibility of such serious consequences as may result in this case.

While the affidavit contains some conclusions, it states sufficient facts to require a decision of another judge as to the disqualification of Judge Jacoby and to estop the latter from determining his own qualifications to sit as the trial judge in the case.

The provisions of subdivision 5 of section 170 of the Code of Civil Procedure are mandatory. Upon the filing of an affidavit setting forth facts constituting alleged grounds of disqualification the judge (1) may file his consent in writing that the action or proceeding be tried before another judge, or (2) may file his written answer admitting or denying any or all allegations in the affidavit. Judge Jacoby did not consent that the action be tried before another judge, nor did he file an answer to the affidavit of bias and prejudice. He was without power to pass upon the question of his own disquali-

fication and he was without jurisdiction to hear the cause unless and until, after a hearing had by another judge in the manner prescribed by section 170, petitioner's objections had been overruled and the judge had been found not to be disqualified to act.

Since the judge who heard the case was not qualified at the time of the hearing to act, it follows that by virtue of a void judgment and commitment petitioner is held in custody from which he is entitled to be released. However, until he has been tried in a lawful manner he should not be discharged from the custody of the officials who are authorized by law to detain him.

The petition for a writ of habeas corpus is granted and it is ordered that petitioner be delivered by respondent to the sheriff of Contra Costa County who shall detain him in custody pending further proceedings against him in that county to be had in the manner prescribed by law.

Moore, P. J., and McComb, J., concurred.