[Civ. No. 4211. Fourth Dist. Oct. 23, 1950.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Appellant, v. MARGARET JANE McCULLOUGH et al., Defendants; WILLIAM ELLIS LADY, Defendant and Appellant.

Robert E. Reed, George C. Hadley, Hodge L. Dolle, Thomas G. Baggot, Warren P. Marsden, John N. McLaurin and R. B. Pegram for Plaintiff and Appellant.

Garfield & Garfield, Wade Garfield and R. Fenton Garfield for Defendant and Appellant.

GRIFFIN, J.—The People, as plaintiff, respondent and cross-appellant (hereinafter referred to as plaintiff), acting through the Department of Public Works, brought this action in eminent domain for the condemnation of a right-of-way in fee for freeway purposes against certain named defendants including William Ellis Lady, defendant, appellant and cross-respondent (hereinafter referred to as defendant), as the

owner of two separate parcels of land described in the complaint as Parcels numbered 14 and 31, containing 40 acres each. The proposed freeway is routed over brush-covered and generally hilly terrain and would consume 5.1 acres from Parcel 14 and 2.63 acres from Parcel 31 at a point near Alpine.

A jury returned a verdict awarding defendant $2,800 for Parcel 14 plus $100 severance damages, less $810 special benefits deducted, and $3,000 for Parcel 31, without severance damages and less $1,110 special benefits deducted. Findings of fact incorporated the verdict, and judgment was thereupon entered. Plaintiff moved for a new trial on the sole issue of the value fixed on Parcels 14 and 31, upon the grounds: (1) irregularity in the proceedings; (2) accident and surprise; and (3) insufficiency of the evidence. Defendant moved for a new trial on the issue of severance damages and special benefits to defendant's remaining property adjoining these parcels. These motions came on for hearing at the same time. Defendant then, for the first time, called the trial court's attention to the fact that he theretofore had filed with the clerk a purported "statement objecting to the hearing of the motion" before Judge Hewicker, due to his claimed disqualification. The motion was denied by that judge. This matter will be later discussed.

After argument on the motions the court made its order denying defendant's motion for a new trial and granting plaintiff's motion, unless within 10 days from the order defendant consented to the reduction of the award as to Parcel 14 to the sum of $375, and as to Parcel 31 to the sum of $200. Such a consent was not accordingly filed and a new trial was granted on the sole issue of the fair market value of Parcels 14 and 31. Defendant appealed from this order as well as the order denying defendant a new trial, and from the portion of the judgment covering the issue of "severance damages and special benefits."

Since no appeal lies from an order denying a new trial, the attempted appeal therefrom must be dismissed. (*Tucker* v. *Beneke*, 180 Cal. 588 [182 P. 299].)

Plaintiff cross-appealed under the provisions of rule 3, Rules on Appeal, from that portion of the judgment awarding defendant the total sum of $2,800 for the taking of Parcel 14 and the total sum of $3,000 for the taking of Parcel 31. It is conceded by plaintiff that its appeal should only be considered if the order granting a limited new trial is reversed.

In defendant's opening brief only two questions are presented, namely, did the trial court err in granting plaintiff's motion for a new trial, and did the trial judge have jurisdiction to try the question of his own disqualification?

■ His first claim is that this court has no jurisdiction to consider the question of the insufficiency of the evidence in connection with the motion for a new trial because the order granting a new trial on that ground was not in writing and filed with the clerk, as required by section 657 of the Code of Civil Procedure, citing such cases as *Hawkinson* v. *Oesdean,* 61 Cal.App.2d 712 [143 P.2d 967]; and *Thomas* v. *Driscoll,* 42 Cal.App.2d 23 [108 P.2d 43]. The cited cases are factually dissimilar. Here the record shows that the motion for a new trial was made on the grounds stated. The minute entry shows that plaintiff was granted a new trial *"upon the sole issue of the value of parcels 14 and 31,"* unless, within 10 days, "defendant accepts" the amounts above stated. It is true that the order granting the new trial does not specifically state that it was granted on the ground of insufficiency of the evidence. However, to grant a new trial "upon the sole issue of the value of parcels 14 and 31," due to excessive damages, would of necessity be granting a new trial by reason of the fact that the evidence was considered by the court as insufficient to justify the verdict. (*Griffey* v. *Pacific Electric Ry. Co.,* 58 Cal.App. 509 [209 P. 45].) That the parties and the court fully understood the nature of the order is reflected in the trial judge's remarks in granting it. He said: ". . . none of the testimony, even on behalf of the defendant, placed the value of the property as high as these figures (in the verdict) would indicate on the property taken . . . so I will grant the . . . motion for a new trial as to . . . valuation . . . unless the defendant accepts . . .", etc. ". . . and I will fix the time within ten days after the signing of the order granting a new trial on that ground. . . ." Likewise, the order was conditional and clearly indicated that it was granted because the verdict was believed by the trial court to have been excessive.

The cases construing section 657 of the Code of Civil Procedure indicate that it is unnecessary to use the exact words "insufficiency of the evidence to sustain the verdict" and that whenever the order granting a new trial uses such language as can reasonably be construed as meaning that the evidence was insufficient to support the verdict, then the mandate of that section has been satisfied. (*Secreto* v. *Carlander,* 35

Cal.App.2d 361 [95 P.2d 476]; *Lucerne Country Club* v. *Beal,* 21 Cal.App.2d 121 [68 P.2d 408].)

In *Piru Citrus Assn.* v. *Williams,* 95 Cal.App.2d 911 [214 P.2d 426], the court held that when the order granting a new trial goes beyond a mere general order and uses any language that reasonably can be construed as including insufficiency of the evidence, the language will be interpreted as including that ground. The order was sufficient. (*Gossman* v. *Gossman,* 52 Cal.App.2d 184 [126 P.2d 178]; *Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383 [121 P.2d 829].)

From an examination of the record it appears from the testimony of the witnesses both for defendant and plaintiff, that the highest value placed on Parcel 14 was $1,500 and the jury's verdict was for $2,800. The highest value placed on Parcel 31 was $1,326 and the jury's verdict was $3,000. The verdict, therefore, in this respect, appeared to be without sufficient evidentiary support, and would authorize the granting of a new trial on that ground.

Defendant argues that since the jury viewed the property, the knowledge thus acquired may, in and of itself, amply justify the finding, citing *Anderson* v. *State of California,* 61 Cal.App.2d 140, 145 [142 P.2d 88]; and *Brugger* v. *Lee Yim,* 12 Cal.App.2d 38, 50 [55 P.2d 564]. In the Anderson case there is a statement to the effect that what the jury saw was evidence and that there was a presumption that evidence not included in the record supported the verdict. However, there was testimony in the record in that case of damage greatly in excess of that found by the jury. Accordingly, the Anderson case is not authority for defendant's argument. The Brugger case did not involve the element of damage but what the trial judge saw on his visit to the premises and thereafter incorporated such facts in his findings. These findings were also supported by maps and diagrams in evidence. ▪ The true rule appears to be that a jury cannot disregard the evidence as to value and render a verdict in excess of that shown by the testimony of the witnesses. ▪ The view of the premises cannot be the sole basis for an award. ▪ Value must be arrived at from the opinion of well-informed persons based upon the purposes for which the property is suitable. While the view of the premises is evidence in a condemnation proceeding, it is merely corroborative of the quantitative oral testimony. (*People* v. *Al. G. Smith Co., Ltd.,* 86 Cal.App.2d 308 [194 P.2d 750], citing

*San Diego Land & Town Co.* v. *Neale,* 78 Cal. 63 [20 P. 372, 3 L.R.A. 83] ; 10 Cal.Jur. § 68, p. 358; and 10 Cal.Jur. § 70, p. 362. See, also, *Fendley* v. *City of Anaheim,* 110 Cal.App. 731, 736 [294 P. 769].)

Trial judges should be commended, rather than criticized in granting new trials where the judgment awarded by a jury is unreasonable in amount. **[5]** It is well settled that the granting of a motion for new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears. (*Koyer* v. *McComber,* 12 Cal.2d 175 [82 P.2d 941] ; *Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165 [153 P.2d 338].) ██ No abuse of discretion having been shown, the order granting a new trial upon the sole issue of the value of Parcels 14 and 31 should be affirmed.

██ Defendant makes no point in his opening brief as to the sufficiency of the evidence to support the portion of the judgment from which he has appealed regarding severance damages and special benefits. He does not point out wherein the evidence is insufficient. A court of appeal may properly consider the point as waived when it is not presented in the opening brief. (*Tuller* v. *Arnold,* 98 Cal. 522 [33 P. 445] ; *Souza* v. *Joseph,* 22 Cal.App. 179 [133 P. 981] ; *Haley* v. *Traeger,* 92 Cal.App. 360 [268 P. 459].) However, from an examination of the record, there appears to be sufficient evidence to support the verdict of the jury in this respect.

The question of the jurisdiction of the trial judge to pass upon his purported disqualification requires more consideration and depends upon a relation of the facts and circumstances surrounding the presentation of the statement of disqualification and the facts therein alleged. It appears from the record that the defendant, on December 27, 1949, filed with the clerk the document referred to but that this document was never called to the attention of the trial judge until the time of the argument of the motion for new trial, had on January 6, 1950, at which time it was presented to the court in the following manner:

By Mr. Garfield : ''Before we start I might again point out that the defendant has filed a statement requesting the disqualification of Your Honor, which we are not waiving. I don't know whether it has been considered, rejected, or what the situation is on it. The Court: A disqualification? Mr. Garfield : Yes. The Court : I didn't see it. Mr. Dolle : It

is not supported by any affidavit or anything, Your Honor. It doesn't follow the code requirement. The code requires a showing to make it apparent that the judge would be biased or prejudiced and there is nothing there but a statement——''. After considerable argument the court remarked: ''I don't know of any bias or prejudice. I didn't see the statement until today. I will deny the motion. Proceed with the argument.''

The so-called ''prejudice'' affidavit recites that:

''Comes now . . . William Ellis Lady . . . and objects to the hearing of the motion . . . by the Honorable John A. Hewicker, that would cause him to become biased, the following reasons:

''I.

''That after the rendition of the verdict by the jury . . . certain matters came to the attention of said trial judge . . . that would cause him to become biased and prejudiced against this defendant in his determination of said motion. . . . These matters were as follows: (a) That after the trial of this matter and after the jury returned its verdict, and after the jury was excused, certain jurors conversed with said judge . . .; that said conversations were not in the presence of defendant or counsel for defendant, but some of said conversations were in the presence of counsel for plaintiff, and during such conversation defendant is informed and believes, and therefore alleges, said jurors attempted to impeach their verdict on grounds other than that the verdict was arrived at by chance or lot. (b) that counsel for plaintiff . . . heretofore filed with said judge . . . his own affidavit and affidavits of jurors in said case, which affidavits attempt to impeach the verdict of said jury on grounds other than grounds for impeachment of verdicts by jurors under the law of the state of California.

''II

''That such matters coming to the attention of said trial judge were highly prejudicial to defendant and would cause bias or prejudice against the verdict in this case, whether consciously or unconsciously.

''WHEREFORE, defendant prays that another judge be selected and assigned to hear said motion, in accordance with the provisions of section 170 of the Code of Civil Procedure. . . .''

The affidavits of twelve of the jurors, which the court

allowed to be filed in support of plaintiff's motion for new trial, recite generally that the jurors were confused as to the special forms of verdict and inadvertently filled in the wrong amounts due as to the valuation of the right-of-way area taken. An affidavit of the attorney for plaintiff was also received in support of such motion for new trial, reciting that he was one of the attorneys who tried the action; that he was absent when the jury returned with its verdict, but soon thereafter he saw the entire jury was discussing the verdict with the trial judge and was explaining what was intended thereby; that he heard all the jurors express their views, and their regret at having erroneously filled out the verdict form; that the attorney explained to the jurors that inasmuch as the verdict had been entered the matter could be cured only by a new trial as to the sole issue of the value of Parcels 14 and 31, at which time the court would have the power to vacate or amend the verdict and grant a new trial on that issue.

It is defendant's contention that the moment he filed the disqualifying affidavit against the trial judge the authority of the judge against whom such statement was directed to act further in the premises, was, *ipso facto*, limited to the extent and in the manner provided for in section 170 of the Code of Civil Procedure and that all other purported acts thereafter were and are void *ab initio*, citing *Collins* v. *Nelson*, 26 Cal.App.2d 42 [78 P.2d 758]. There is some statement in the *Collins* v. *Nelson* case to this effect, and it further states therein that: "So far as it relates to the appeal herein, the question as to whether the affidavits are sufficient to show probable bias or prejudice, is beside the issue." This statement is not in accord with other decisions on this particular question. In a subsequent appeal (*Collins* v. *Nelson*, 41 Cal. App.2d 107 [106 P.2d 39] [hearing in Supreme Court denied]), it was stated that upon the filing of the written notice to disqualify the trial judge, he is divested of authority to rule upon a motion for new trial. This is the rule where an appropriate issue of fact is presented rather than an issue of law.

*People* v. *Hooper*, 16 Cal.App.2d 704 [61 P.2d 370] (hearing denied by the Supreme Court) involved an application to disqualify a trial judge under section 170 of the Code of Civil Procedure after the trial of the issues and before a motion for new trial was heard and determined. It is there definitely stated, at page 707:

''We doubt whether the application could be made at the time that it was interposed . . . but assuming that it could, we find no error in the ruling. Appellant seems to take the position that any trial judge who tries a case without a jury is automatically disqualified from passing upon a motion for a new trial as such judge has formed an opinion on the merits of the case. The mere statement of the proposition seems to be a sufficient answer thereto and particularly in the light of section 661 of the Code of Civil Procedure which requires that 'The motion for a new trial shall be heard and determined by the judge who presided at the trial . . .' Appellant seems to further claim that it was error for the trial judge to rule upon the application for his own disqualification. This would be true ordinarily whenever an application is filed 'setting forth the fact or facts constituting the ground of the disqualification of such judge' and such judge files his answer thereto. . . . But there were no facts set forth in the application in the present case sufficient to show any ground for disqualification of the trial judge and there was no issue of fact to be determined. Said application was based entirely upon a misconception of the law relating to the right of the trial judge who had presided at the trial to pass upon the motion for a new trial. It was a frivolous application which presented only an issue of law as to its sufficiency and the trial judge could properly rule thereon. In our opinion it is only where an appropriate issue of fact is raised concerning the disqualification of the trial judge, that he is prevented from passing 'upon the question of his own disqualification' under the above-mentioned section.''

To the same effect is *People* v. *Berman,* 117 Cal.App. 334 [4 P.2d 226] (hearing denied by the Supreme Court), where the trial court struck a frivolous affidavit of prejudice from the files and continued with the hearing of the motion for new trial. (See, also, *People* v. *Nolan,* 126 Cal.App. 623 [14 P.2d 880] ; *People* v. *Emmett,* 123 Cal.App. 678 [12 P.2d 92] ; *Krebs* v. *Los Angeles Railway Corp.,* 7 Cal.2d 549 [61 P.2d 931] ; *Ephraim* v. *Superior Court,* 42 Cal.App.2d 578 [109 P.2d 378] ; *Turkington* v. *Municipal Court,* 85 Cal. App.2d 631 [193 P.2d 795] ; *In re Harrington,* 87 Cal.App.2d 831 [197 P.2d 783] ; and *People* v. *Sweet,* 19 Cal.App.2d 392 [65 P.2d 899].) ■ These cases are not discussed in *Collins* v. *Nelson, supra,* and they establish the rule that when the statement of disqualification is legally insufficient the

judge sought to be disqualified may disregard it or strike it from the files.

If we assume as true all the facts recited in the statement of defendant pertaining to the claimed disqualification of the trial judge in the instant action, the facts related, viewed in any proper light, fall far short of establishing that the trial judge was prejudiced against this defendant or that there was any probability that a fair and impartial hearing could not be had before that judge on a motion for new trial under section 170, subdivision 5 of the Code of Civil Procedure. (*People* v. *Berman, supra.*) The conclusion of the defendant in the statement that the presentation of the affidavits of the jurors to the trial court "would cause bias or prejudice against the verdict" is not sufficient to show that the trial judge was then so biased or prejudiced against *the defendant* as not to afford a fair and impartial hearing.

*McEwen* v. *Occidental Life Ins. Co.*, 172 Cal. 6 [155 P. 86], is closely parallel to the instant case on its facts. The affidavit of attempted disqualification related that when the verdict was returned the judge "appeared to be very angry and before the verdict was read aloud, he turned to one of the attorneys for the defendant and said: 'I will entertain a motion for new trial upon the minutes of the court at any convenient time. I do not see how the jury could possibly have reached this verdict.' " Upon appeal the Supreme Court said:

"The vexation of the judge, and his remark . . . does not show prejudice against Mrs. McEwen. These things indicated perhaps that he had formed an opinion regarding the legal questions which had been presented in the case and in reference to the sufficiency of plaintiff's proof. Such conviction in the mind of the judge, based upon his actual observation of the witnesses, the hearing of their testimony, and his knowledge of the law applicable to such cases does not amount to that prejudice against a litigant which the statute contemplates as a basis for change of venue . . . with reference to the insufficiency of the case presented by one of the litigants is not the prejudice which the statute makes the basis for its removal to another court. Frequently the possession of such a feeling is a proof of the legal learning and the sense of justice of the presiding jurist who harbors it."

The bias and prejudice which must be shown in order to disqualify a judge under section 170 of the Code of Civil

Procedure is bias and prejudice against the party moving for disqualification. Its requirement is very clearly pointed out in *People* v. *Sweet, supra.* (See, also, 14 Cal.Jur. p. 821, § 23.) The trial judge in the instant action may well have been annoyed with the jury, upon being advised, after the jury had been excused, of the method at which it arrived at its verdict. Under the circumstances of the present case he, like the trial judge in the McEwen case, could very well have become biased and prejudiced against the verdict because of the "misconception of the jury in relation to the weight and effect of the evidence." Upon being convinced of such misconception, he was not only authorized but it was his duty to grant a new trial. After the discharge of the jury, what possible relevance could prejudice against the jury have on the essential issue of bias and prejudice against the defendant? There having been a total failure on the part of defendant to set forth facts which, if true, would show bias or prejudice of the trial judge against the defendant, the proceedings contemplated by section 170 were never begun and the trial court was, therefore, not called upon to take any proceedings provided for by that section. (*People* v. *Emmett, supra; People* v. *Berman, supra.*)

Under the conclusions reached, it becomes unnecessary to determine other meritorious reasons advanced by plaintiff why the trial court was justified in ignoring the statement as filed. Under the circumstances here related, the trial court had jurisdiction to rule upon the motion for new trial.

In defendant's reply brief he states that the only point he is making on this appeal is that the trial court erred as a matter of law in granting plaintiff's motion for a new trial.

The attempted appeal from the order denying defendant's motion for a new trial is dismissed. Upon defendant's appeal from portion of judgment and from order granting a new trial as to certain issues, the judgment and order are affirmed. Plaintiff's cross-appeal (under rule 3, Rules on Appeal), being moot, is dismissed.

Plaintiff to recover costs on appeal.

Barnard, P. J., concurred.