[Civ. No. 4717. Fourth Dist. Nov. 19, 1953.]

PRISCILLA WAMPLER et al., Appellants, v. ROBERT JAMES MULLER et al., Respondents.

King & Mussell and John Lewis King for Appellants.

Forgy, Reinhaus, Miller & Kogler and William F. Wenke for Respondents.

GRIFFIN, J.—Plaintiffs recovered a jury verdict for $26,400 against defendants arising out of an automobile collision. A motion for new trial was made by defendants. The trial judge, Thompson, left the county on account of a death in his family. He believed that he would not be back

in time to hear the motion and felt that another judge might be called in to hear it before he returned. He filed a memo in the case and sent copies of it to counsel on each side, in which he stated:

"The motion for a new trial in this case has more than usual merit.

"The jury's conclusion that plaintiff was not guilty of contributory negligence is hard to understand. Plaintiff entered the intersection where there was a stop sign and where the view is obstructed until she was out in the intersection. Defendant, it may fairly be found, was traveling too fast, yet it would seem that had plaintiff used ordinary care in observing the roadway in the direction of defendant's car, she would have perceived the hazard and would not have driven into its path.

"The amount of damages also requires consideration. It is my view that Dr. Hawkins indulged in speculation and possibilities rather than reasonably certain medical opinions. In my opinion, Dr. Huffman presented plaintiff's injuries in their proper light."

Later, counsel for plaintiffs, before Judge Gardner, moved to strike the memo from the files and it was so stricken. That judge suggested that he await the preparation of a transcript before ruling on the motion for new trial. Counsel for plaintiffs stated that no transcript was being prepared and suggested that Judge Gardner might be prejudiced by reason of having read the memo which was filed by Judge Thompson. He then stated that he would arrange for an out-of-county judge to hear it on a day certain. On May 21st, Judge Thompson returned to the county, called respective counsel by telephone, and advised them that he had returned and would hear the motion for new trial on June 4th. Notice of such hearing was given. Counsel for plaintiffs subsequently filed an "objection to hearing of the motion for new trial" by Judge Thompson upon the ground that he was disqualified. He set forth the facts above stated in reference to the filing of the memo in the record and the mailing of copies to each counsel, and claimed that by reason thereof Judge Thompson was prejudiced in favor of the moving parties and against the plaintiffs because he had given advice in writing to them involving matters in the proceeding for a new trial.

It was conceded that no answer or reply by the trial judge was filed. On May 29th, counsel for defendants filed a motion before Judge Morrison to strike the statement of disqualifica-

tion of Judge Thompson on the ground that it contained no statement of facts adequate or proper to disqualify the trial judge under section 170 of the Code of Civil Procedure. On June 4th, the day set for the hearing, that judge struck the disqualifying affidavit from the record and transferred the matter to Judge Thompson's court for hearing on the motion for new trial, and it was granted on the ground of insufficiency of the evidence to support the verdict.

The main question on this appeal is whether the objections, as filed, stated a ground sufficient, under section 170 of the Code of Civil Procedure, to disqualify the trial judge from hearing the motion for new trial. If it did, the order of the trial judge granting a new trial was of no force or effect. Otherwise, it was a valid order and the sufficiency of the evidence may be reviewed on an appeal from it.

We are not here confronted with the problem that may have arisen if another judge had heard the motion for new trial after reading the memo filed by the trial judge. The ultimate question here to be determined is whether the facts related would support a finding that the trial judge was disqualified by reason of stating to counsel for the respective parties in writing and filing the original in the record, that it was his belief, after hearing the entire testimony, that the motion had more than usual merit; that the jury's conclusion was hard to understand under the evidence as he interpreted it, and that the amount of damages allowed required further consideration.

It must be conceded that had the trial court made this announcement orally to counsel in the courtroom after the jury returned its verdict, under the authority of *People ex rel. Department of Public Works* v. *McCullough,* 100 Cal.App.2d 101 [223 P.2d 37], and cases cited, no sufficient prejudice of the court against the moving parties could be legally claimed. However, plaintiffs claimed that Judge Thompson was disqualified for the reason that he was biased and prejudiced in favor of the moving party and against the plaintiffs by reason of his additional act of reducing his opinion to writing for the purpose of influencing another judge in a subsequent hearing.

In *McEwen* v. *Occidental Life Ins. Co.,* 172 Cal. 6 [155 P. 86], decided by our Supreme Court, in much stronger language the trial judge indicated his feelings in reference to the verdict of the jury. There the affidavit recited that when the verdict was returned the trial judge appeared to be

very angry and before the verdict was read aloud he turned to one of the attorneys for the defendant and said:

"I will entertain a motion for new trial upon the minutes of the court at any convenient time. I do not see how the jury could possibly have reached this verdict."

The Supreme Court there said: "The vexation of the judge, and his remark . . . does not show prejudice against Mrs. McEwen. These things indicated perhaps that he had formed an opinion regarding the legal questions which had been presented in the case and in reference to the sufficiency of plaintiff's proof. Such conviction in the mind of the judge, based upon his actual observation of the witnesses, the hearing of their testimony, and his knowledge of the law applicable to such cases does not amount to that prejudice against a litigant which the statute contemplates as a basis for change of venue. . . ."

We do not see how the reduction of the trial judge's opinion to writing and filing it in the record would add any strength to the affidavit which would support the ground for holding that by reason thereof the trial judge was prejudiced against the moving party.

In *Francis* v. *Superior Court*, 3 Cal.2d 19, 28 [43 P.2d 300], in applying the rules under section 661 of the Code of Civil Procedure requiring that a motion for new trial shall be made before the judge who presided at the trial, if available, the court said: "We think that the very essence of this enactment is that the motion for the new trial shall be heard and determined whenever practicable by the judge who had heard the evidence at the trial of the case, and who was therefore best prepared and qualified to pass upon the merits of the motion." Under the decisions the court was justified in striking the affidavit and ruling on the motion for new trial.

Plaintiffs do not refer us to any record of the testimony taken at the trial indicating that the court erred in granting the motion for new trial on the ground of the insufficiency of the evidence. From a mere observation of a summary of the evidence gleaned from the memo prepared by the trial court, the evidence would authorize the granting of a new trial.

The order striking the statement of disqualification and the order granting a new trial are affirmed.

Barnard, P. J., concurred.

Mussell, J., deeming himself disqualified, does not participate herein.