[Civ. No. 6469. Fourth Dist. Aug. 17, 1961.]

In re ALBERT CARDENAS, JR., a Minor. ALBERT CARDENAS, SR., Appellant, v. CHARLES T. G. ROGERS, as Chief Probation Officer, etc., Respondent.

Bertram J. Brown for Appellant.

Henry A. Dietz, County Counsel, and Duane J. Carnes, Deputy County Counsel, for Respondent.

SHEPARD, J.—This is an appeal from an order denying appellant's motion to vacate a judgment in which the above named minor was declared free from the custody and control of appellant.

## FACTS

In general substance, the facts shown by the record before us are as follows: The above named minor was born April 24, 1957. The mother is Maria Vigil (nee Medina). She began an extramarital cohabitation with appellant about 1954. The first child was born December 21, 1955. Its present whereabouts are not shown by the record. She claims to have been divorced from her husband, Ray Vigil, in La Junta, Colorado, in 1956, but the county clerk at that place reports that there is no record of such divorce. She was never married to appellant, but states that he is the father of the above named minor. She left appellant in 1957. Appellant placed the minor in unlicensed foster homes. The record is in conflict as to whether or not such placements were for adoption. However, the record does indicate that he never paid the foster homes, and he does not in his affidavit make any claim that he did, in fact, do so.

In April 1958, appellant applied to the Welfare Department of San Diego County for Aid to Needy Children for said minor, and the minor was then placed in a boarding home by said Welfare Department. Shortly thereafter the minor had to be taken to the county hospital because of a run-down condition and infection with dermatitis. The record indicates that appellant again took the child, placed it in an unlicensed boarding home, and did not pay for its support therein. July 22, 1958, a petition was filed in the Juvenile Court of San Diego County for wardship of said minor on the ground of failure to provide, and because of unfit home conditions. Personal service of the citation in that proceeding was had on both the mother and appellant July 28, 1958, and the minor was made a ward of the court on August 14, 1958.

August 11, 1959, a petition was filed in said juvenile court praying that said child be declared free from custody and control of its parents. The respondents therein named were

the mother, Maria Vigil, the presumptive father, Ray Vigil, and appellant herein. After repeated efforts by the sheriff and the probation officer to find the parents, including inquiry of all persons they might reasonably expect knew the whereabouts of such parents, the directories, the registrar of voters, the clerk's office, the tax collector, the county recorder, the county assessor, and the county auditor, they could not be found. Appellant's mother, at whose home appellant now claims he was residing, told the searchers, on inquiry, that she did not know his whereabouts. He now claims she was afraid to tell for fear the inquiry was on behalf of Maria Vigil. On adequate showing to the trial court, an order was made on August 26, 1959, for service by publication and mailing. November 3, 1959, the trial court rendered its judgment declaring the minor free from the custody and control of the mother, her husband, Ray Vigil, and this appellant.

January 27, 1960, appellant filed a petition seeking to have vacated the judgment declaring the minor free from custody and control of its parents, on the ground that he did not receive notice of the hearing. He claims he resided at all times in the city of San Diego, that he is now married, and has a fit home. In support of his petition, he filed his affidavit in which he cites further in substance that the mother left in November 1957; that he placed the child in other homes which the county authorities later found to be unfit, that at the time of such placement he did not know they were unfit; that custody was taken by the county authorities and he was unable to discover the minor's whereabouts thereafter; that the mother of appellant refused to tell the searching officers of his whereabouts because she feared the search was on behalf of Maria; that he first learned of the judgment through his sister; that he is married, steadily employed, and has a fit home.

At the hearing on the motion, the trial court gave consideration to the entire record, including affidavit of appellant and a psychiatric report on appellant. Said psychiatric report was secured by examination of appellant on March 3, 1960, by a competent psychiatrist, apparently by consent of both counsel. The court suggested, and counsel for appellant conceded to the court, that the petition to vacate the judgment was insufficient to authorize relief under Code of Civil Procedure, section 473a, because it contained no statement of merits. Counsel for appellant likewise affirmatively represented to the trial court that the procedure followed for publi-

cation of the citation was technically sufficient. After an objection by counsel for respondent that, under sections 785 and 786 of the Welfare and Institutions Code, the court had no power to modify or set aside the order, counsel for appellant stated to the court, "Well, your Honor, we contend that the order was made and the law was followed. However, Mr. Cardenas was not actually aware of the publication. He was in town and I think with a little more diligence he could have been located and he was unaware of the proceedings at all until they were all over. Now, it's true that we're not assailing the procedural methods."

The evidence showed, and appellant admitted, that for more than one year last preceding the filing on August 11, 1959, of the petition to declare the minor free from custody and control of parents, appellant had not supported the minor. Furthermore, this condition of nonsupport continued thereafter up to November 3, 1959, and there is, in fact, nothing in the record to show any offer to pay for support prior to January 27, 1960. Immediately after the hearing for wardship on August 14, 1958, appellant declared he would not pay for support of the minor. The evidence further shows that none of the parents, including appellant herein, have communicated with the minor for more than one year last preceding the filing of the petition on August 11, 1959, except for the compulsory appearance of the parents at the wardship hearing on August 14, 1958, in response to the citation therein served. The psychiatric examination which was had after the motion to vacate was filed, showed that appellant is unstable, has paranoid tendencies, and in the opinion of the psychiatrist is unfit to have custody of the minor. The record also shows that appellant has a long history of law violations which includes separate offenses of robbery and burglary in 1938 and 1941 while he was a juvenile, and convictions as an adult of burglary in 1942 and in 1947, for each of which adult convictions he served separate terms of imprisonment in a state penitentiary.

## PETITION INSUFFICIENT UNDER CODE CIVIL PROCEDURE, SECTION 473a

Counsel conceded to the trial court that the petition to vacate was insufficient under Code of Civil Procedure, section 473a, in that appellant had made no attempt to set forth that appellant had a meritorious defense to the proceeding. (*Thompson* v. *Sutton*, 50 Cal.App.2d 272, 281 [9] [122 P.2d

975].) The trial court thereupon, with apparent consent of both counsel, treated the petition as a motion for a new trial in order that appellant might have a proper appeal.

In any event, an order to vacate under Code of Civil Procedure, section 473a, is within the sound discretion of the trial court, and under the facts here presented we can find no abuse of discretion even though it be treated as a petition under said section 473a. (*Brockman* v. *Wagenbach,* 152 Cal. App.2d 603, 611 [2-4] [313 P.2d 659].)

### SERVICE OF CITATION

Appellant's only real contention respecting the validity of the citation service is that there was no good faith effort to find him in order to serve the citation. With this contention we cannot agree. The extensive efforts to find appellant, a résumé of which is above set forth, showed diligent good faith on the part of the officers and adequate compliance with the statute. Appellant suggests that his name appeared in the 1959 directory under his mother's address. He does not indicate that this fact, if it is a fact, was ever called to the trial judge's attention, nor where it appears in the record, if at all. It must be remembered that inquiry was made by the officers at this address, and they were told by appellant's mother that she did not know his whereabouts. Matters not appearing in or pointed out in the record cannot properly be considered. (*Gantner* v. *Gantner,* 39 Cal.2d 272, 278 [8] [246 P.2d 923].)

Appellant claims he was gainfully employed in and resided in San Diego during the period in question. He knew the minor was a ward of the Juvenile Court of San Diego County during that period. The record shows that appellant was once located and interviewed about support of the minor, that appellant was then earning $300 per month, that he refused to pay for any part of accumulated past support and refused to pay for future support, that he was indignant at being asked to support the minor, and did not ask about the minor's whereabouts; that on January 28, 1959, appellant telephoned the probation officer asking the minor's address, but refused to come to the probation office to arrange for a visit with the minor and refused to give that office his address. The last contact by the probation officer with appellant prior to the filing of the petition to vacate was by telephone on March 13, 1959. He again refused to give his address or to discuss payment for the minor's support. The evidence on

failure to communicate and the evidence regarding failure to support for more than one year last preceding the filing of the petition to declare free from custody of the parents (the failure to provide being conceded), justified the trial court in concluding that a presumption of abandonment was raised. (*In re Halamuda*, 85 Cal.App.2d 219 [192 P.2d 781]; *In re Maxwell*, 117 Cal.App.2d 156, 165 [5] [225 P.2d 87].)

## Present Fitness

Appellant suggests that he legitimized the minor by having publicly acknowledged it to be his own and adopting it into his family as such. (Civ. Code, § 230.) The attorney for respondent has not seen fit to challenge this assumption. While some of appellant's actions clearly leave this assumption open to doubt, we will nevertheless, for purposes of this opinion, take the view adopted by both counsel. Proceeding on this premise, appellant next claims that the court's decision on fitness should be based on "present fitness" and should not be mandatorily controlled by past unfitness. With this contention we agree. (*People* ex rel. *J.M.O. & J.O.*, 110 Cal.App.2d 453, 455 [3] [243 P.2d 110].) That case, however, was based on refusal of the trial court to allow evidence of present fitness. In the case here at bar, the evidence before the trial court at the hearing of November 3, 1959, upon which it made the order declaring the minor free from custody and control of parents, was ample to show appellant's unfitness as of that time. In addition, on the hearing on motion to vacate the judgment, held March 8, 1960, the court not only reviewed the entire evidence but also allowed the introduction of a psychiatric report on the subject of appellant's then fitness, in which the psychiatrist stated it to be his opinion that appellant "should not have this child at the present time." Furthermore, in considering present fitness, the trial court would be naive indeed if it failed, on the subject of present fitness, to take into account appellant's cogent history of demeanor extending over many years. No other points are made in the briefs on appeal.

## Points Made After Submission of Cause

 By letter mailed to us after this cause was submitted, we are asked to consider the sufficiency of service of the citation respecting mailing procedure to allegedly known relatives. The possibility of raising this point arises only by reason of certain inconclusive inferences from a portion of the evidence

not directly adduced on the point in question. Had the point been in the mind of the trial court and opposing counsel, the whole question might have been aired, and evidence directly adduced thereon. What might have resulted is entirely conjectural. Actually, counsel represented to the trial court affirmatively that the technical procedure was sufficient, as is shown by the quotation hereinbefore set forth. Thus, he not only did not raise the question to the trial court, but affirmatively represented that the procedure was sufficient. Its sufficiency ought not now be considered. (3 Cal.Jur.2d 604, § 140; *Damiani* v. *Albert,* 48 Cal.2d 15, 18 [3] [306 P.2d 780]; *People* v. *Jordan,* 45 Cal.2d 697, 708 [16] [290 P.2d 484].) In addition, such point was not presented to this Court by either the briefs on appeal nor by oral argument.

▆ Points made by ex parte letter after submission of cause without consent of the court or counsel, are not properly before the court. (Rule 13, Rules on Appeal; *Copfer* v. *Golden,* 135 Cal.App.2d 623, 634 [14] [288 P.2d 90]; *County Nat. Bank etc. Co.* v. *Sheppard,* 136 Cal.App.2d 205, 223 [10-12] [288 P.2d 880]; *People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101, 106 [7] [223 P.2d 37].)

The order appealed from is affirmed.

Griffin, P. J., and Coughlin, J., concurred.