[Civ. No. 18068.   Second Dist., Div. One.   Nov. 28, 1951.]

ROBERT W. LEE, Plaintiff and Appellant, v. R. A. CRANFORD, Defendant and Appellant.

Harold A. McCabe and Hammons & Willard for Plaintiff and Appellant.

Edward C. Maxwell and Robert B. Maxwell for Defendant and Appellant.

HANSON, J. pro tem.—The plaintiff below appeals from an order granting a new trial to the defendant who, in turn, appeals from the judgment entered upon the verdict of the jury which found against him.

The plaintiff, an airplane-student flight instructor employed by the defendant, was severely injured as a result of the crash of an airplane owned by the defendant while it was coming in for a night landing at the Oxnard airport. At the time of the accident the plane was being piloted by a student named Jacques who was being supervised and assisted by the plaintiff. The defendant Cranford's workmen's compensation insurance failed to cover the plaintiff as an employee, and accordingly, the plaintiff was entitled to and did sue his employer, the defendant, on the theory that the defendant was negligent in supplying him with a plane that was defective and that as a proximate cause thereof the plaintiff was injured. Under the facts of this case, as they are alleged by the plaintiff, the Labor Code (§ 3708), which is here controlling, presumes that the injury sustained by the plaintiff "was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence." Moreover, under the specific language of the section it "is not a defense to the employer that the employee was guilty of contributory negligence, or assumed the risk of

the hazard complained of . . ." In short, it is plain under the language of the statute that if the evidence shows plaintiff was an employee of the defendant at the time, then any injury he sustained while in the course of business of his employer must be classed as being proximately due to the negligence of the employer and that the negligence, if any, of the employee is not a defense thereto. ▮ Accordingly, it is clear that the statute is not only operative, but likewise controlling if but two facts are proved: (1) that the plaintiff is an employee and (2) that he was injured in the course of the business of the employer as a result of the negligence of the employer. Hence, it follows that the trial court could not grant a new trial in such a case, on the ground of insufficiency of the evidence, unless the evidence was insufficient to sustain both of these grounds. In the case before us the evidence was conflicting on both grounds.

The cross-complaint by the defendant against the plaintiff as cross-defendant, alleged in the first count that the cross-defendant caused a total loss of the airplane through his negligence, and as a second count that the cross-defendant converted the plane to his own use and totally demolished it.

▮ The motion for a new trial sets forth, in part, all of the statutory grounds for a new trial and specifically the ground that the evidence was insufficient to sustain the verdict. The argument on the motion, it appears, took the better part of a day. As the hearing was not reported, and as we declined to augment the record by permitting affidavits made subsequent to the hearing as to what occurred thereat to be made part of the record, we are confined to such facts as are set forth in the clerk's transcript.

Turning to the clerk's transcript we find what purports to be two distinct "orders" in the case pertaining to the granting of the new trial and both made on the same day. One is a recital by the clerk in his minutes of an order purportedly made by the court and another is a separate written order signed by the judge. ▮ The clerk's minutes of the order purportedly made, so far as material, read as follows: *"The said motion is duly argued by respective counsel and is submitted to the Court for consideration and decision.* After due deliberation the Court orders that said motion for new trial be, and hereby is granted." (Italics supplied.)

The judge's signed order reads as follows: "The motion of defendant, R. A. Cranford, to grant to said defendant a new trial is hereby granted on the ground of insufficiency of the

evidence to justify the verdict, and the said verdict herein is hereby vacated. Dated this 10th day of November, 1949. Wm. A. Freeman, Judge of the Superior Court.''

It is at once apparent from a reading of the clerk's minutes and the written order signed by the court that there is an irreconcilable conflict in the two orders. The minute ''order,'' if thus it may be classed, states that the motion for a new trial is granted. This means a new trial on all the grounds stated in the motion, which grounds included as one of the grounds the insufficiency of the evidence to sustain the verdict. On the other hand, the order signed by the judge of the court grants a new trial on the latter ground alone.

In view of the conflict plaintiff contends that the order as set forth in the clerk's minutes is controlling and that the order signed by the judge is void, because the minute order was entered prior to the preparation, signing and filing of the judge's order. The difficulty with the contention is that there is no showing by the record before us whether the clerk's recital in the minutes, or whether the court's written order was first in point of time.

It is a well-known fact of which we take judicial notice that court clerks generally write up the minutes as the case progresses, a fact which is here likewise indicated by the clerk's minutes in this case. Turning to the minutes as quoted above it will be observed that we have italicized a portion thereof reading as follows: ''The said motion is duly argued by respective counsel and is submitted to the Court for consideration and decision.'' If the court had ruled finally from the bench it is self-evident that the court would not have *submitted* the case *for consideration and decision.* Accordingly it is our belief that the court submitted the motion for consideration and decision; that ''after due deliberation.'' in chambers, he prepared and signed the written order and handed it to the clerk; that the clerk thereupon completed his minutes with a recital that did not correctly reflect the written order; and, that the court was not advised of the conflict between his order and the clerk's minutes until after the appeal was taken.

Even if our surmise is incorrect we must regard the written order of the court as the only direction given to the clerk. In that connection, it is to be observed, that ''Every direction of a court, judge, or justice made or entered in writing, and not included in a judgment, is denominated an order.'' (Code Civ. Proc., § 1003.) The record here is devoid

of any showing of any direction, express or implied, being given by the court to the clerk. Accordingly, we must accept the act of the court, as set forth in its written signed order, as being in truth its judicial act rather than the minutes of the clerk, who is at most but an administrative assistant of the court. Quite regardless of what we have so far said it is entirely possible, although we do not so hold, that by reason of the language of section 657, Code of Civil Procedure (new trials), and the interpretation of the language thereof by the Supreme Court that an oral direction to the clerk if such was made in this case may be modified so as to specify that a new trial is granted upon the ground of insufficiency of the evidence to sustain the verdict, if only it is filed within ten days after a new trial is granted. (See *Dempsey* v. *Market St. Ry. Co.*, 23 Cal.2d 110, pp. 114 and 115 [142 P.2d 929].)

There remains for consideration the question whether the trial court abused its discretion in granting a new trial upon the ground that the evidence did not sustain the verdict. We pass to an appraisal of that point.

Without detailing the pertinent facts which we are not required to do it is sufficient for us to state that the record clearly discloses a square conflict in the evidence on the question whether the defendant was or was not negligent. Accordingly, under well-established rules the trial judge did not abuse his discretion in ruling that the evidence was insufficient to sustain the verdict of the jury.

We think it quite proper to add that even if we were restricted to considering the minute order, shorn of the ruling of the court that the evidence was insufficient to sustain the verdct of the jury, we would still be compelled to hold that the trial judge did not abuse his discretion in granting a new trial. This, for the reason that the special damages assessed by the jury as a matter of law were erroneous and in excess of the damages proved, or at all events, were more than the trial judge was entitled to regard as proved by testimony he regarded as being true.

It follows that the order granting a new trial must be and is affirmed. So far as the appeal by defendant is concerned it appears that it is based upon the composite verdict of the jury which was set aside by the trial court and that being true, the affirmance of the order automatically vacates

the judgment and thus demands that we dismiss the appeal. It is so ordered. Costs of appeal are ordered taxed to the plaintiff-appellant.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied December 18, 1951, and plaintiff and appellant's petition for a hearing by the Supreme Court was denied January 24, 1952.