306 P.2d 44]

[Civ. No. 21877.   Second Dist., Div. Two.   Jan. 25, 1957.]

SONJA VAN OSTRUM et al., Plaintiffs; DALE VELZY, Appellant, v. STATE OF CALIFORNIA et al., Respondents.

Joseph Schecter, Toxey Hall Smith and Robert G. Beverly for Appellant.

Parker, Stanbury, Reese & McGee and James N. Kenealy, Jr., for Respondents.

ASHBURN, J.—Dale Velzy, one of the plaintiffs herein, appeals from an order granting a new trial as to him. The action seeks recovery of damages caused by defendant's negli-

gence. Liability was admitted at the trial and defendant offered no evidence. The jury rendered a verdict for $4,000 in Velzy's favor.

Defendant moved for a new trial upon two grounds, (1) insufficiency of the evidence to justify the verdict, and (2) excessive damages appearing to have been given under the influence of passion or prejudice. After argument the court on January 31, 1956, orally ruled: "That motion is granted unless on or before February 20th, the plaintiff, Dale Velzy, files a remittance in this court reducing the amount of the judgment to $1500. In the event that he does not file such a remittance in this court, the motion for new trial is granted. If he does file such a remittance in this court, the motion for new trial is denied." On the same day the clerk made a minute order as follows: "Motion is argued, and as to plaintiff Dale Velzy only, said motion is granted unless plaintiff on or before Feb. 20, 1956 files a remittance with the Court reducing amount of judgment to $1500.00, in which event the motion will be deemed denied." This order was entered on February 2, 1956. Plaintiff declined to make any remission of damages and appealed from the order on said February 2. In the judge's oral ruling and the clerk's minute order no specific reference is made to insufficiency of the evidence. However, on February 6, 1956, the court made and signed, and the clerk filed, a written order reading as follows: "IT IS HEREBY ORDERED that defendants' motion for new trial herein is granted upon the ground of insufficiency of the evidence to support the verdict and judgment provided however that if the plaintiff Dale Velzy on or before February 20, 1956 files with the Court a consent in writing to a reduction of the judgment herein to the sum of $1500.00 the motion for a new trial is denied, otherwise it is granted upon the ground stated herein."

Appellant's first claim is that the ruling cannot be sustained upon the ground of insufficiency of the evidence because the written order of February 6 "is void and ineffective" and hence under section 657, Code of Civil Procedure,[1] "it

---

[1]The pertinent language of the statute is this: "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground. The court may direct a party to prepare the order."

will be conclusively presumed that the order was not based upon that ground'' of insufficiency of the evidence. One of the reasons assigned for invalidity of the order of February 6 is that it was made after plaintiff had perfected an appeal from the minute order. It is unnecessary to consider this problem, for the granting of a new trial is sustainable regardless of the answer to the question thus raised.

■ It is established law, since the decision in *Sinz* v. *Owens*, 33 Cal.2d 749, 760 [205 P.2d 3, 8 A.L.R.2d 757], that a specification of insufficiency of the evidence is not necessary to a review of the evidence where the new trial is granted on the ground of excessive damages. Plainly, that was the basis of the ruling here. To the same effect are *Gardner* v. *American Brake etc. Co.*, 24 Cal.2d 686, 691 [151 P.2d 122] ; *Lovett* v. *Dintzer*, 131 Cal.App.2d 165, 166 [280 P.2d 58] ; *Legg* v. *Mutual Benefit H. & A. of Omaha*, 136 Cal.App.2d 887, 890 [289 P.2d 550, 290 P.2d 87].

Secondly, the grounds of the motion at bar were so limited that the language of the judge in his oral ruling, and that of the clerk's minute order, are plainly susceptible of construction that the motion was granted upon the ground of insufficiency of the evidence. The motion specified only insufficiency of the evidence and excessive damages as grounds for a new trial. ■ The court, in passing upon the motion, is confined to the grounds specified in the notice (*Dynes* v. *Bekins Van & Storage Co.*, 175 Cal. 72, 73 [165 P. 12] ; 20 Cal.Jur. § 127, p. 191; 4 Cal.Jur.2d § 539, p. 393). Hence, the order of February 2 could mean only one or both of the specified grounds, both of which are essentially insufficiency of the evidence (*Sinz* v. *Owens, supra*, 33 Cal.2d 749, 760). ■ The governing rule is stated in *Legg* v. *Mutual Benefit H. & A. of Omaha, supra,* 136 Cal.App.2d 887, which, at page 891 quotes *Piru Citrus Assn.* v. *Williams,* 95 Cal.App.2d 911, 914 [214 P.2d 426], as follows: " 'The statute,' however, 'does not require that the order specify insufficiency of the evidence to sustain the verdict in any particular words or language. If the language used is susceptible of being interpreted as tantamount to granting a new trial on account of the insufficiency of the evidence to sustain the verdict, or if it may be inferred from the language used that such was the ground upon which the order was made, it is uniformly held to have been based upon that ground. Where the nature of the order itself necessarily implies that the trial court deemed it necessary to

reexamine the facts, a statement in the order that the evidence is insufficient is not essential.' "

Plaintiff's final contention is that the court abused its discretion in granting a new trial. ██ ██ The rules governing review of an order granting a new trial for insufficiency of the evidence are stated in *Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465]: ". . . The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. [Citations.] The only conflict may be the opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party, for 'It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court.' [Citations.] "

██ Concerning an order granting the motion upon the ground of excessive damages, it is said in *Strosk* v. *Howard Terminal Co.,* 129 Cal.App.2d 797, 802 [277 P.2d 828]: " 'Whatever may be the rule which should govern the trial judge, it is certain that when his action in granting a new trial on the ground of excessive damages, or requiring a reduction of the amount as the condition of denying one, comes to be reviewed on appeal, his order will not be reversed unless it plainly appears that he abused his discretion; and the cases teach that when there is material conflict of evidence regarding the extent of damage the imputation of such abuse is repelled, the same as if the ground of the order were insufficiency of the evidence to justify the verdict.' (*Doolin* v. *Omnibus Cable Co.,* 125 Cal. 141, 144-145 [57 P. 774]. . . ."

██ The trial judge has a positive duty to keep the verdict in line with the facts when the matter is presented to him on motion for new trial. The Supreme Court in *Bond* v. *United Railroads,* 159 Cal. 270, 286 [113 P. 336, Ann.Cas. 1912C 50, 48 L.R.A.N.S. 687], had this to say on the subject: "We have cause to fear that the trial courts sometimes act on the theory that they can shift the responsibility in this matter to the appellate court, and that an excessive verdict can be corrected on appeal. This is a mistake. Our power over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush,

passion, prejudice, or corruption on the part of the jury. [Citations.] Practically, the trial court must bear the whole responsibility in every case.'' (See also *People* v. *Robarge,* 41 Cal.2d 628, 633 [262 P.2d 14].)

█ The fact that the reviewing court would not have made the order if required to pass upon. the question initially is not determinative (*Estate of Green,* 25 Cal.2d 535, 543 [154 P.2d 692]). One of the reasons is that the trial judge, who sees and hears the witness and observes his manner of testifying, is in better position to judge of his honesty and accuracy. The cold record at bar affords numerous suggestions of the pertinence of the foregoing observation in the present instance.

Defendant's truck hit plaintiff's automobile in the rear, thus inflicting upon him a whiplash injury causing pain and stiffness in the neck. For this he received treatments from the day of the accident, August 18, 1953, until December 4, 1953, and not later. During that period he wore a collar designed to immobilize the neck; this for a period of three weeks continuously and three more weeks intermittently. Although plaintiff still complains of pain in the neck his physician would say only that it is *possible* that it is due to the accident. On September 15, 1953, that physician, Dr. Farber, first learned of low back pains of which plaintiff now complains and which he claims to disable him from performing his work of hand-making and demonstrating the use of surf boards. It appears that plaintiff suffered an injury in that low back area in 1945 when struck with a heavy surf board. After that he was in the army where he again injured the low back, being discharged for that disability in March, 1951. The back now is in about the same condition as when he left the service, according to plaintiff's own testimony. Dr. Farber testified that Dr. Gruble, an orthopedic consultant to whom he referred plaintiff, diagnosed a typical whiplash injury. But Dr. Gruble was not available for testimony and Dr. Farber could do no better than to say that: ''It is possible that pain at this time —if there is pain at this time, I don't know from my own examination. . . . Well, it is possible that it would be present from the accident at that time, although there is no way that I can substantiate that.'' Plaintiff himself testified: ''My neck seems to get stiff, and I am not really complaining heavy about my neck pains. It is my back I am more concerned about, because that is what lays me completely off work.''

█ Plaintiff's out-of-pocket damage seems to have been

limited to a doctor bill of $250, plus $15 for X-rays and $27.50 for the collar.

Concerning loss of earnings his proof is in a nebulous state. He has no record of same and merely estimates his income prior to the accident; he fixed it at $50 a week in his deposition, and at $50 to $75 a week on the witness stand. He filed income tax returns for 1952 and 1953 which he thought he had at home but was unable to produce. On cross-examination he estimated his loss of profits at $1,485. He testified that he had been offered $4,000 for a half interest in his surf board manufacturing business shortly before the accident. On cross-examination it developed that the assets consisted of a rented building, tools worth $700 and plywood worth $400. Moreover, the offeror "wasn't very reliable," according to plaintiff's own testimony.

Apparently his automobile was badly damaged. He purchased it the day before the accident and valued it at $300 but was unable to say on cross-examination that he had paid more than $84 for it.

Of course there was considerable other evidence given by plaintiff and his wife concerning his sufferings and loss of ability to work as he had done before the accident. The foregoing recitals are designed to show that the trial judge had substantial ground for discounting that testimony and concluding that plaintiff's present disability is due to the old injuries to the lower back and that they have not been substantially exaggerated by the accident caused by defendant's negligence.

Counsel for appellant mistakenly argue: "It is inconceivable that the trial judge could conclude, as he must in order to grant a new trial on this ground, that it was so excessive as to appear to have been *given under the influence of passion or prejudice.*" The trial judge had the duty as well as the power to set aside the verdict when he found, pursuant to his own independent appraisal of the evidence, that it did not support an award of $4,000; it was not necessary for him to find passion or prejudice on the part of the jurors. *(Hughes v. Hearst Publications, Inc.,* 79 Cal.App.2d 703, 704-705 [180 P.2d 419].)

We are unable to conclude that the record at bar shows an abuse of discretion in the granting of the new trial.

Order affirmed.

Moore, P. J., and Fox, J., concurred.