[Civ. No. 18332. First Dist., Div. One. Aug. 11, 1959.]

ANTHONY KRALYEVICH, Respondent, v. ARTHUR MAGRINI, Appellant.

Bronson, Bronson & McKinnon for Appellant.

Bressani & Hansen for Respondent.

WAGLER, J. pro tem.*—This is an appeal by defendant from an order granting a new trial on the issue of damages alone.

By his complaint plaintiff sought damages for personal injuries, in the sum of $25,000, which he claimed he sustained when his vehicle was struck in the rear by a vehicle operated by the defendant. Both parties agree that the special damages proved at the trial exceeded $4,000. The jury, by a vote of 10 to 2, returned a verdict in plaintiff's favor in the sum of $2,500. Plaintiff thereupon moved for a new trial upon the issue of damages alone, specifying as grounds therefor: "1. Insufficiency of the evidence to justify the verdict of the jury

*Assigned by Chairman of Judicial Council.

in that the amount of the verdict is inadequate, damages appearing to have been given under the influence of passion and prejudice; 2. That the verdict is against law." With his motion plaintiff filed points and authorities all of which were addressed to the question of the inadequacy of the award.

In due time the court filed a "memorandum decision" dated March 17, 1958, which read as follows, "A new trial is hereby granted in the above entitled matter insofar as the question of damages only is concerned." A minute order using the same language was entered on the same date.

More than 10 days after the granting of said motion, and after notice of appeal had been filed, the trial court signed and filed an order attempting to amend *nunc pro tunc*, as of the date originally entered, the previous order granting a new trial. The *nunc pro tunc* order was made on the ground of clerical error; it recited that the new trial was granted on the grounds of: "1. Insufficiency of the evidence to justify the verdict of the jury, and 2. That the verdict is against the law."

It was held in *Roth* v. *Marston*, 110 Cal.App.2d 249 [242 P.2d 375] (hearing denied by Supreme Court), that a *nunc pro tunc* order entered under the circumstances disclosed by the record herein is void and of no effect. We will therefore consider only the order entered on March 17th, which specified no grounds but did recite that the new trial was granted *"as to the question of damages alone."* (Emphasis added.)

In 1939 the Legislature amended Code of Civil Procedure, section 657, by providing that when a new trial is granted on the ground of insufficiency of the evidence "the order shall so specify *this in writing and shall be filed with the clerk within ten days after the motion is granted*; otherwise on appeal from such order it will be *conclusively* presumed that the order was not based upon that ground."[1]

The appellate courts of this state have consistently held that section 657 should be liberally construed. Since the 1939 amendment they have been particularly liberal in attempting to relieve a party from a defective order to avoid what might otherwise result in a manifest miscarriage of justice.

In *Cox* v. *Tyrone Power Enterprises*, 49 Cal.App.2d 383 [121 P.2d 829], for example, it was held that no formal order subscribed by the court was required by the statute; that a clerk's minute order was sufficient.

---

[1] Italicized portion added in 1939.

A number of cases which are further illustrative of this liberal attitude on the part of the appellate courts are collected in *Piru Citrus Assn.* v. *Williams*, 95 Cal.App.2d 911, 915 [214 P.2d 426]. Since the decision in *Piru* additional decisions[2] have been handed down which are illustrative of this same attitude.

In *Ice-Kist Packing Co.* v. *J. F. Sloan Co.*, 157 Cal.App.2d 695, 696 [321 P.2d 840], for example, a notice of motion which was based upon ''insufficiency of the evidence to justify the verdict and that said verdict is against law in that said verdict . . . awarded damages which were grossly inadequate and in complete variance with the evidence presented and completely contrary to all the evidence'' was construed as being a motion based exclusively upon ground of the ''insufficiency of the evidence.'' As such it served to rescue a purely general order from the provisions of Code of Civil Procedure, section 657.

The rule seems now to be well established that if the language used in the order is reasonably susceptible of being interpreted as an intent to grant a new trial on account of the insufficiency of the evidence to sustain the verdict, or if it may be fairly inferred from the language used that such was the ground upon which the order was made, it will be held that there has been a sufficient compliance with Code of Civil Procedure, section 657. (*Bray* v. *Rosen*, 167 Cal.App.2d 680 [335 P.2d 137].)

No particular words or language are required if the nature of the order itself is such that it can reasonably be construed as including insufficiency of the evidence. (*Legg* v. *Mutual Benefit H. & A. of Omaha*, 136 Cal.App.2d 887 [289 P.2d 550, 290 P.2d 87]; *Van Ostrum* v. *State*, 148 Cal.App.2d 1 [306 P.2d 44].)

For the purpose of interpreting the language used and ascertaining the intent thereof not only the language of the order itself may be considered, but the language of the notice of motion, as well as the presumption declared by Code of Civil Procedure, section 659[3] may also be considered. (*Cox* v.

---

[2]See *People* ex rel. *Dept. of Public Works* v. *McCullough*, 100 Cal.App. 2d 101 [223 P.2d 37]; *Bridgford* v. *Sawyer*, 105 Cal.App.2d 631 [234 P.2d 95]; *Lee* v. *Cranford*, 107 Cal.App.2d 677 [237 P.2d 986]; *Van Ostrum* v. *State*, 148 Cal.App.2d 1 [306 P.2d 44]; *Ice-Kist Packing Co.* v. *J. F. Sloan Co.*, 157 Cal.App.2d 695 [321 P.2d 840].

[3]Code of Civil Procedure, section 659, reads: ''Said notice shall be deemed to be a motion for a new trial on all the grounds stated in the notice.''

*Tyrone Power Enterprises,* 49 Cal.App.2d 383, *supra*; *Ice-Kist Packing Co.* v. *J. F. Sloan Co.,* 157 Cal.App.2d 695, *supra.*) ▮ The points and authorities in support of the motion may also shed some light upon the intent of the language used, particularly if but a single proposition is urged.

The notice of motion in the instant case set forth two grounds: (1) insufficiency of the evidence, and (2) that the verdict is against law. The latter ground is of very limited application. ▮ A decision can be said to be "against law" only: (1) where there is a failure to find on a material issue; (2) where the findings are irreconcilable; and (3) where the evidence is insufficient in law and without conflict in any material point. (*Renfer* v. *Skaggs,* 96 Cal.App.2d 380 [215 P.2d 487]; *Townsend* v. *Gonzalez,* 150 Cal.App.2d 241 [309 P.2d 878]; *Williams* v. *Fairview Hospital Assn.,* [4] (Cal.App.) 332 P.2d 791; *Bray* v. *Rosen,* 167 Cal.App.2d 680, *supra.*) ▮ When a general verdict only is returned it can be said to be "against law" only when it is unsupported by any substantial evidence, i.e., when the entire evidence is such as would justify a directed verdict against the party in whose favor the verdict is returned. ▮ "[T]he words 'against law' do not import a situation in which the court weighs conflicting evidence and merely finds a balance against the judgment." (*Bray* v. *Rosen,* 167 Cal.App.2d 680, *supra.*)

▮ The order in the instant case granted the new trial "insofar as the question of damages only is concerned." This language carries the inescapable inference that in the opinion of the trial court sitting as the 13th juror, there was sufficient evidence to hold the defendant liable but that the amount of the damages awarded was either too large or too small. This inference is irreconcilable with the second ground specified in the notice of motion, i.e., "verdict is against law" because, as we have already pointed out, to be "against law" a verdict must be *without* any substantial evidentiary support. Here the court in effect recited in the order that the evidence did support a verdict for the plaintiff in some amount. Thus the language of the order negates the idea that the order could have been granted upon the second ground. ▮ Since only two grounds were specified in the notice of motion, we must therefore look to the first ground—insufficiency of the evidence—for aid in interpreting the language used. When

---

[4] A hearing was granted by the Supreme Court on February 4, 1959. The final opinion of that court is reported in 52 Cal.2d 135 [338 P.2d 392].

this is done we find that it is entirely consistent with the language of the order and furnishes the only ground upon which the order could have been based. (See *Ice-Kist Packing Co.* v. *J. F. Sloan Co.*, 157 Cal.App.2d 695, *supra.*) Had the notice specified any other ground at all which would be reconcilable with a reexamination of the amount of the award (as for example, error in law) we would, of course, be required to assume that the new trial was not granted upon insufficiency of the evidence. (Code Civ. Proc., § 657; *Bray* v. *Rosen,* 167 Cal.App.2d 680, *supra.*)

An examination of the points and authorities and arguments filed in support of the motion will disclose that they too support this interpretation of the order. The only point urged by respondent in his points and authorities was the inadequacy of the damages. The order granting new trial, standing alone, of course, does not indicate whether the court considered the award inadequate or excessive. ▮ Under the decisions however this is unimportant since it has been held that both an order granting a new trial because of inadequate damages (*Secreto* v. *Carlander,* 35 Cal.App.2d 361 [95 P.2d 476]), and one granting a new trial because of excessive damages (*Griffey* v. *Pacific Electric Ry. Co.,* 58 Cal.App. 509 [209 P. 45], are to be construed as being based upon the insufficiency of the evidence. (See also *Pierce* v. *Nash,* 126 Cal.App.2d 606 [272 P.2d 938]; *Sinz* v. *Owens,* 33 Cal.2d 749 [205 P.2d 3, 8 A.L.R.2d 757].)

▮ The views hereinabove expressed are not inconsistent with the case of *Bray* v. *Rosen,* 167 Cal.App.2d 680, *supra,* which is relied upon by appellant. In Bray it was held that an order using language very similar to that used in the instant case could *not* be construed as one based upon the insufficiency of the evidence. In the instant case however the motion was based upon only two grounds; in Bray, upon five grounds, to wit: (1) misconduct of jury, (2) inadequate damages, (3) insufficiency of the evidence, (4) verdict and judgment against law, and (5) error in law. In Bray the language of the order (as in the instant case) was irreconcilable with the fourth ground, to wit: verdict against law. This left remaining, however, four other grounds upon which the order might have been based, all of which were in harmony with the language of the order. Under such circumstances the court said, "[T]here is no possible means by which this court can accurately say that the trial court in its purely generalized order did not base its order on miscon-

duct of the jury or errors in law occurring at the trial, and excepted to by the party making the application. Nor can we tell whether or not the trial court felt that one of these matters had misled the jury and that for that reason the damages were too much, or too little.'' In the instant case, on the contrary, only one inference is possible, i.e., that the trial court felt after weighing the evidence that while it was sufficient to support a verdict for the plaintiff, it was insufficient to support a verdict for the particular sum awarded, and for that reason it granted a new trial on the ground of the insufficiency of the evidence.

Since we have interpreted the order, when considered with the motion, as one based upon the insufficiency of the evidence, and since the new trial was limited to the issue of damages, it becomes necessary to review the evidence on both the issue of liability and damages in order to determine whether the trial court abused its discretion in limiting the new trial to the issue of damages alone. (*Harper* v. *Superior Air Parts, Inc.*, 124 Cal.App.2d 91 [268 P.2d 115]; *Bakurjian* v. *Pugh*, 4 Cal.App.2d 450 [41 P.2d 175].)

Both parties conceded that respondent's special damages exceeded $4,000. Respondent's doctor described his injuries as a sprain of the lower back and a whiplash type injury to the neck resulting in damage to the joints in the neck between the vertebrae and damage to the tendons and muscles which hold those vertebrae together. The injury involved the nerves of the neck and caused numbness and pain in the right arm and weakness of the right hand. Respondent had undergone the usual treatment of medication, traction, and physiotherapy, and at the end of two years was still suffering from ''repeated bouts of very severe pain, low back pain, neck pain, trouble with his arm, trouble with his neck and face.'' Respondent prayed for general damages in the sum of $25,000. The jury awarded $2,500.

In *Rose* v. *Melody Lane*, 39 Cal.2d 481, 489 [247 P.2d 335], the court said: ''When the jury fails to compensate plaintiff for the special damages indicated by the evidence, and despite the fact that his injuries have been painful, makes no award or allows only a trifling sum for his general damages, the only reasonable conclusion is that the jurors compromised the issue of liability, and a new trial limited to the damages issue is improper. (See *Hughes* v. *Schwartz*, 51 Cal.App.2d 362. 367-368 [124 P.2d 886]; *McNear* v. *Pacific*

*Greyhound Lines,* 63 Cal.App.2d 11, 16 [146 P.2d 34]; *Adams* v. *Hildebrand,* 51 Cal.App.2d 117, 118-119 [124 P.2d 80].) A contrary conclusion is justified only when the evidence of defendant's negligence is 'overwhelming.' (See *Taylor* v. *Pole,* 16 Cal.2d 668, 675 [107 P.2d 614]; *Crandall* v. *McGrath,* 51 Cal.App.2d 438, 440-442 [124 P.2d 858].)'' To this statement we add that the evidence must also overwhelmingly support the conclusion that plaintiff was himself free from contributory negligence. (*Crandall* v. *McGrath,* 51 Cal.App.2d 438 [124 P.2d 858].)

Appellant contends that the evidence on the issue of liability was not "overwhelmingly" in favor of respondent. We agree. There were no witnesses to the accident except the litigants. There testimony was in sharp conflict. Appellant in substance testified that both vehicles were moving in the normal flow of traffic when a child ran into the street and passed in front of respondent's car; that his attention was diverted by the child; when he looked back, respondent had stopped; he "hit the brakes" but it was too late and he "rammed into him." He saw respondent give no signal. Respondent's version was quite different. He saw no child, he signaled for a stop, and had been stopped for a full minute before he was struck. The parties also gave conflicting testimony as to what each said after the accident. The case was submitted to the jury with instructions on negligence and contributory negligence. The court instructed in the language of Vehicle Code, section 531 [following too closely]; Vehicle Code, section 544, subdivision (c) [sudden stop or decrease of speed]; and Vehicle Code, section 546, subdivision (c) [signal for stop or sudden decrease of speed].

As said in *Lowenthal* v. *Mortimer,* 125 Cal.App.2d 636, 638 [270 P.2d 942], "It is now well established that when one motor vehicle runs into the rear of another vehicle, negligence is a question of fact and not of law. (*Turkovich* v. *Rowland,* 106 Cal.App.2d 445, 447 [235 P.2d 123]; *Wohlenberg* v. *Malcewicz,* 56 Cal.App.2d 508 [133 P.2d 12].)

It is also the province of the jury to determine the proximate cause of an accident." (See *Donahue* v. *Mazzoli,* 27 Cal.App.2d 102 [80 P.2d 743].) It would appear that the evidence here would have supported a verdict for either party and since the verdict was less than the uncontroverted special damages a new trial should have been granted on all the issues.

Respondent points out that the jury was instructed to first

determine the question of liability before undertaking to determine the amount of damages. From this he argues that the jurors must have found liability against appellant, otherwise they violated this instruction. The argument is based entirely upon speculation. In view of the evidence, the issues framed, and the amount of the verdict, which was arrived at by a vote of 10 to 2, it would appear more probable that the verdict was the result of a compromise.

*Tornell* v. *Munson,* 80 Cal.App.2d 123 [181 P.2d 112], cited by respondent does not strengthen his position. In Tornell the verdict was in the sum of $3,000. The court held that under the evidence over one-half of this amount could be considered general damages. Under such circumstances the inference that the issue of liability was compromised by the jury did not arise.

Since the inference in the instant action is that the issue of liability has never been properly determined, the order granting a new trial on the issue of damages only is reversed. The cause is remanded to the trial court with directions to vacate the judgment and order a new trial on all issues. (See *Hamasaki* v. *Flotho,* 39 Cal.2d 602 [248 P.2d 910].)

Bray, P. J., and Tobriner, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 8, 1959.