[S. F. No. 22258.   In Bank.   May 24, 1966.]

LINDA FRANTZ, a Minor, etc., Plaintiff and Respondent, v. MARVIN A. McLAUGHLIN, Defendant and Appellant.

Clifford H. Plumley for Defendant and Appellant.

Kane & Canelo and Cyril Viadro for Plaintiff and Respondent.

BURKE, J.—Defendant McLaughlin appeals from an order granting a motion for a new trial in a personal injury action. We have concluded that no ground for reversal is shown, and that the order should be affirmed.

Plaintiff, a 17-year-old girl appearing by guardian ad litem, was participating in a float in a parade. As a part of the planned demonstration plaintiff, with other participants on the float, would occasionally jump off and pretend to push the float. While doing this plaintiff's foot was run over and injured.

Plaintiff's action for damages named five defendants, three of whom settled out of court for the total sum of $1,250. Following trial against the other two defendants, including McLaughlin, the court sitting without a jury rendered judgment in favor of plaintiff and against both defendants in the sum of $3,000 damages plus costs of suit.

Plaintiff filed a motion for a new trial specifying six grounds, including that of "Insufficiency of the evidence to justify the decision, or that it is against law."[1] The court took the motion under submission and within the time allowed by law made the following order, from which McLaughlin took this appeal:

"THE MOTION FOR NEW TRIAL . . . having been heretofore submitted to the Court . . . and after due consideration thereof, it is ordered that Motion for New Trial is *granted solely on the issue of damages alone.*" (Italics added.)

At the time the order was made (October 1964) section 657 of the Code of Civil Procedure provided in pertinent part that "When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will

---

[1]Plaintiff's motion specified all the statutory grounds found in section 657 of the Code of Civil Procedure, except that of misconduct of the jury.

be conclusively presumed that the order was not based upon that ground.''

Plaintiff points to nothing in the record that would support an order granting a new trial on any of the grounds specified in the motion except insufficiency of the evidence. The record is, however, adequate to justify an order based on that ground. Plaintiff's evidence indicated that she had been severely and permanently injured, and it is undisputed that her medical and hospital expenses to the date of trial exceeded $2,350. That amount deducted from $4,250 ($1,250 settlement plus $3,000 court award) leaves only some $1,900 for general damages.

The question thus presented is whether or not on this appeal the court's order granting a new trial ''solely on the issue of damages alone'' may properly be treated as an order based upon the ground of insufficiency of the evidence.

As stated in *Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897], ''Section 657 discloses an intent that the required written specification be made in some unmistakable way [citation], and this intent will obviously be frustrated if an order for a new trial is sustained upon the ground of insufficiency of the evidence where the language of the order is vague or ambiguous. Whenever the order is in general terms, mentioning no ground, or specifies grounds not including insufficiency of the evidence, we must assume that it was not based on that ground. [Citations.] It is preferable, of course, that the statutory language be used. Some departure in terminology may be permissible, however, if the intention of the court is clear. For example, it has been held that a sufficient specification is made by an order 'granted on all the grounds stated in the notice of intention to move for a new trial,' the theory being that the grounds stated in the motion, including insufficiency of the evidence, were incorporated by reference. [Citations.]''

Although *Aced* holds (pp. 577, 579 [7] of 55 Cal.2d) that an order granting a new trial ''upon the issues set forth by the cross-complaint'' did not amount to a specification of insufficiency of the evidence as a ground, the opinion further notes (p. 579) that a number of cases have held that an order granting a new trial with respect to the issues of excessiveness or inadequacy of damages constitutes a proper specification of the ground of insufficiency of the evidence as to those issues, relying upon the theory that an order granting a new trial for excessive or inadequate damages necessarily includes a specifi-

cation that the evidence is not sufficient to support the judgment. (Cited as examples are *Sinz* v. *Owens* (1949) 33 Cal.2d 749, 760-761 [205 P.2d 3, 8 A.L.R.2d 757]; *Kralyevich* v. *Magrini* (1959) 172 Cal.App.2d 784, 787-790 [342 P.2d 903]; *People* ex rel. *Dept. of Public Works* v. *McCullough* (1950) 100 Cal.App.2d 101, 104-105 [223 P.2d 37]; *Cox* v. *Tyrone Power Enterprises, Inc.* (1942) 49 Cal.App.2d 383, 389-390 [121 P.2d 829]; *Secreto* v. *Carlander* (1939) 35 Cal.App.2d 361, 364-365 [95 P.2d 476].)

In *Sinz* as in the present case a new trial was granted on the issue of damages alone, but the order did not expressly specify insufficiency of the evidence (pp. 751, 760 of 33 Cal.2d). Also, here as in *Kralyevich* (p. 790 of 172 Cal.App.2d), the only point urged by the moving party in points and authorities offered in support of the motion was the inadequacy of the damages. Under such circumstances we are persuaded (1) that the record establishes that the new trial was granted because the court believed the award to be too low, and (2) that the order granting the new trial "solely on the issue of damages alone" necessarily included a specification of insufficiency of the evidence. Nothing in *Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 744 [40 Cal.Rptr. 78, 294 P.2d 822], requires a contrary view. The order there considered stated only in general terms that the motion for new trial was "granted."

▇ Defendant argues that the question of liability was close and that the court abused its discretion in granting a new trial on the limited issue of damages alone, without also including the issue of liability. However, in each of the cases defendant cites (*Hamasaki* v. *Flotho* (1952) 39 Cal.2d 602, 604-605 [248 P.2d 910]; *Leipert* v. *Honold* (1952) 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185]; *Keogh* v. *Maulding* (1942) 52 Cal.App.2d 17, 19 [125 P.2d 858]) the trial was by jury. It is apparent that in the present nonjury matter the court determined that defendant was liable, and defendant does not suggest that the evidence was insufficient to support such a determination. No abuse of discretion is shown. (See Code Civ. Proc., § 662.)

The order appealed from is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.