[Civ. No. 32485.   Second Dist., Div. One.   Dec. 26, 1968.]

AGNES M. GIRCH, Plaintiff and Respondent, v. CAL-UNION STORES, INC., Defendant and Appellant.

Harold J. Kendis and Anthony F. Telleria for Defendant and Appellant.

Samuel Maidman for Plaintiff and Respondent.

LILLIE, J.—Plaintiff sued for damages for personal injuries sustained in defendant's store caused by negligence of an employee in the operation of a hand dolly. Judgment based on a jury verdict· was entered for plaintiff against defendant in the sum of $800, Thereafter on March 3, 1967, plaintiff filed notice of intenton to move for new trial. On March 22, 1967, the following minute order was entered: "Motion for new trial is granted, unless Defendant pays the sum of $1750.00 to plaintiff, within 30 days. Each side is to bear own costs." Defendant appeals from the order.

In a brief argument without citation of points and authorities, appellant claims that since the order specifies no reason

544

for granting the motion for new trial it must be assumed that it was granted on the last four grounds set up in the notice[1] and that none of them is here sufficient to support the order.

Out of the seven grounds set up in section 657, Code of Civil Procedure,[2] plaintiff's notice of intention to move for

[1]The notice of intention to move for new trial specified the following grounds upon which the motion would be made:

"1. Inadequacy of damages awarded by the jury.

"2. Irregularity in the proceedings of the Court.

"3. Irregularity on the part of the Court preventing plaintiff from having a fair trial.

"4. The verdict is against the Law.

"5. Errors in law occurring at the trial and excepted to by plaintiff."

[2]The law in effect in March 1967 is reflected in the 1965 amendment to section 657, Code of Civil Procedure:

"The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

"2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors;

"3. Accident or surprise, which ordinary prudence could not have guarded against;

"4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial;

"5. Excessive damages, appearing to have been given under the influence of passion or prejudice;

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

"7. Error in law, occurring at the trial and excepted to by the party making the application;

"When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated

"A new trial shall not be granted upon the ground of insufficiency of the evidence to justify the verdict or other decision unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court or jury clearly should have reached a contrary verdict or decision.

"The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds relied upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specifications of reasons.

"On appeal from an order granting a new trial the order shall be

new trial specified but four. Through what she now claims to have been an "inadvertence," she did not include "insufficiency of the evidence to justify the verdict" (§ 657, subd. 6, Code Civ. Proc.) but did specify as her first ground "inadequacy of damages awarded by the jury" which was not then (March 1967) allowed as a statutory ground for new trial[3]

▮ Briefly stated, we are faced with a notice of intention to move for a new trial which does not expressly include in the grounds stated "insufficiency of the evidence to justify the verdict," and an order granting the motion which fails to expressly specify the ground therefor but does contain an additur.

Dealing first with the order, the issue is whether it may be treated as one granting the motion upon the ground of insufficiency of the evidence. ▮ "Appellate review is not limited to the ground stated in the lower court's order [citations] with the exception of the ground of insufficiency of the evidence. ▮ If the order does not specify that it is granted on this ground, it must be conclusively presumed on appeal that the order was not based thereon. (Code Civ. Proc., § 657.)'' (*Yarrow* v. *State of California,* 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687]; *Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897]; *Malloy* v. *Fong,* 37 Cal.2d 356, 376 [232 P.2d 241]; *Bray* v. *Rosen,* 167 Cal.App.2d 680, 685 [335 P.2d 137]; *Verzola* v. *Russi,* 135 Cal.App.2d 330, 331 [287 P.2d 166].)

▮ However, it was early settled that the order need not follow the express language of section 657, subdivision 6, Code of Civil Procedure, and "whenever the order granting a new trial uses such language as can reasonably be construed as meaning that the evidence was insufficient to support the verdict, then the mandate of that section has been satisfied."

affirmed if it should have been granted upon any grounds stated in the motion, whether or not specified in the order or specification of reasons; provided, that the order shall not be affirmed upon the ground of insufficiency of the evidence to justify the verdict or other decision unless such ground is stated in the order granting the motion; and provided further that on appeal from an order granting a new trial upon the ground of the insufficiency of the evidence to justify the verdict or other decision, or upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice, it shall be conclusively presumed that said order as to such ground was made only for the reasons specified in said order or said specification of reasons, and such order shall be reversed as to such ground only if there is no substantial basis in the record for any of such reasons.''

[3]"Inadequate damages" (§ 657, subd. 5, Code Civ. Proc.) is a ground for new trial now permitted by amendment effective November 8, 1967.

546

(*People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101, 104 [223 P.2d 37] ; see *Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897].) While reversing the order in which the trial court merely "granted" the motion, the court in *Bray* v. *Rosen,* 167 Cal.App.2d 680 [335 P.2d 137], said, "no particular words or language is required if the nature of the order itself is such that it can reasonably be construed as including insufficiency of the evidence." (P. 685.) Thus, an order granted on all grounds stated in the notice has been affirmed, the theory being that the grounds including insufficiency of the evidence were incorporated by reference (*Lewis* v. *Southern Cal. Edison Co.,* 116 Cal.App 44, 45-50 [2 P.2d 419] ; *Beckley* v. *Harris,* 84 Cal.App. 557, 559 [258 P. 428] ; see *Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897] ) ; and where the sole ground for new trial was insufficiency of the evidence an order simply granting the motion was adequate to specify insufficiency of the evidence. (*Ice-Kist Packing Co.* v. *J. F. Sloan Co.,* 157 Cal.App.2d 695, 697-699 [321 P.2d 840] ; *Van Ostrum* v. *State of California,* 148 Cal.App.2d 1, 4 [306 P.2d 44].) ■ But apposite are those cases which hold that an order granting a new trial with respect to issues of excessiveness or inadequacy of damages alone constitutes a proper specification of the ground of insufficiency of evidence as to those issues (*Frantz* v. *McLaughlin,* 64 Cal.2d 622, 624-625 [51 Cal.Rptr. 282, 414 P.2d 410] ; *Sinz* v. *Owens,* 33 Cal.2d 749, 751, 760-761 [205 P.2d 3, 8 A.L.R.2d 757] ; *Kralyevich* v. *Magrini,* 172 Cal.App. 2d 784, 787 [342 P.2d 903] ; *People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101, 104-105 [223 P.2d 37] ; *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383, 389-390 [121 P.2d 829] ; *Secreto* v. *Carlander,* 35 Cal. App.2d 361, 364-365 [95 P.2d 476] ; see *Aced* v. *Hobbs-Sesack Plumbing Co.,* 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897] ), on the theory that such an order necessarily includes a specification that the evidence is not sufficient to support the judgment. In *Frantz* v. *McLaughlin,* 64 Cal.2d 622 [51 Cal. Rptr. 282, 414 P.2d 410], the court looked to the record and held that the order granting a new trial on the issue of damages may properly be treated as an order based on insufficiency of the evidence and said at pages 624-625 : "Also, here as in *Kralyevich* (p. 790 of 172 Cal.App.2d), the only point urged by the moving party in points and authorities offered in support of the motion was the inadequacy of the damages.

Under such circumstances we are persuaded (1) that the record establishes that the new trial was granted because the court believed the award to be too low, and (2) that the order granting the new trial 'solely on the issue of damages alone' necessarily included a specification of insufficiency of the evidence.''

Thus, the moving papers, hereinafter more fully discussed, and the additur modifying the judgment contained in the order leave no doubt that the motion was in fact granted because the trial judge, after reviewing the evidence and exercising his independent judgment thereon (*Mullin* v. *Kaiser Foundation Hospitals,* 206 Cal.App.2d 23, 29 [23 Cal.Rptr. 410] ; *Harper* v. *Superior Air Parts, Inc.,* 124 Cal.App.2d 91, 94 [268 P.2d 115]) was not satisfied that plaintiff had been adequately compensated for the extent of damage suffered by her and granted the motion on the ground of inadequacy of damages which under the foregoing authorities necessarily includes a specification of insufficiency of the evidence.

The additur is now proper, and in *Jehl* v. *Southern Pac. Co.,* 66 Cal.2d 821 [59 Cal.Rptr. 276, 427 P.2d 988], the Supreme Court held that upon a motion for new trial grounded on insufficiency of the evidence because the damages are inadequate, the court should first determine whether such damages are clearly inadequate and if so whether the case would be a proper one for granting a motion for new trial limited to damages. If both conditions exist the court in ts discretion may issue an order granting the motion for new trial unless the defendant consents to an additur as determined by the court. (P. 830.)

''The general rule is that a trial court has no power to grant a motion for a new trial on a ground that is neither statutory nor specified in the notice of such motion, or, in effect, of its own motion. (*Cooper* v. *Superior Court, supra,* 12 Cal.App.2d 336 [55 P.2d 299].)'' (*McFarland* v. *Kelly,* 220 Cal.App.2d 585, 587 [33 Cal.Rptr. 754] ; *Malkasian* v. *Irwin,* 61 Cal.2d 738, 741 [40 Cal.Rptr. 78, 294 P.2d 822] ; *Fomco, Inc.* v. *Joe Maggio, Inc.,* 55 Cal.2d 162, 166 [10 Cal.Rptr. 462, 358 P.2d 918] ; *Diamond* v. *Superior Court,* 189 Cal. 732, 736 [210 P. 36].) Under the law in existence in March 1967, ''inadequacy of damages awarded by the jury,'' specified in plaintiff's notice of intention to move for a new trial was not a ground for a new trial allowed by section 657, Code of Civil Procedure, and could be reached only on ''insufficiency of the evidence to sustain the verdict'' (*Bray* v. *Rosen,* 167 Cal. App.2d 680, 685 [335 P.2d 137]) which was not here

548

expressly alleged in the notice. While "inadequacy of damages awarded by the jury" specified in the notice implies that the evidence was insufficient on this ground, the moving papers put all on notice that in fact the main ground of the motion was that the evidence was insufficient to support the award of damages. "In the instant case, one of the grounds for new trial set forth in the notice of intention to move for new trial was that the damages awarded were inadequate, which denomination would indicate that the evidence was insufficient on this ground. In addition thereto, plaintiff submitted therewith a document entitled 'Memorandum in Support of Motion for New Trial,' which plaintiff claims with considerable merit, constituted but one pleading, which, when construed together, evidenced plaintiff's intention to move for a new trial on the ground of insufficiency of the evidence.

"A notice of intention to move for new trial requires that the grounds for the motion be set forth to apprise the court and opposing counsel of the basis of the motion. In this particular case, rather than using the shotgun procedure of listing all possible grounds upon which a new trial may be made, counsel determined in his memorandum, and by that memorandum spelled out the ground of insufficiency of the evidence and limited the presentation of three specific grounds. . . . These three specific grounds were stated and argued to the trial court and were the same grounds to which defendant's points and authorities in opposition to a motion for new trial relate. Therein defendant set forth certain evidence which he claimed sufficiently supported the verdict in the lesser amount. The purpose of all noticing procedures in the Code of Civil Procedure appears to be to ensure that the procedure utilized actually affords reasonable notice to the opposing party. Thus defendant cannot now contend that, at the hearing of the motion for a new trial, he was unaware that plaintiff intended to argue this question.

Although Code of Civil Procedure, section 659, was amended in 1959, it might appear that *Bauer* v. *Helene Curtis Industries, Inc.*, 117 Cal.App.2d 66 [254 P.2d 931], might set forth the law applicable to this particular section as it now reads. The court there said: '. . . the principle is sound that when the adverse party has been given due notice that such a motion will be made and is fully apprised of the grounds to be urged the jurisdiction of the court is complete.' We conclude that the trial court had jurisdiction to grant a new trial on the ground of insufficiency of the evidence." (*McFarland* v. *Kelly,* 220 Cal.App.2d 585, 589-590 [33 Cal.Rptr. 754].)

Under the foregoing and in light of plaintiff's moving papers we cannot hold nor does appellant claim that it was misled. The motion was made on the declaration of Samuel Maidman and points and authorities attached thereto. At the outset the declaration asserted that the verdict in the sum of $800 is totally inadequate based on uncontradicted evidence which supports a larger award.[4] And of controlling significance, plaintiff argued in her points and authorities attached to the declaration that if the trial judge believes the amount of the verdict to be grossly inadequate "then the verdict is not supported by the evidence and a new trial should be granted *upon the ground of insufficiency of the evidence.*"[5] (Italics added.) Thus, we are persuaded that while "insufficiency of the evidence to justify the verdict" is not expressly stated in the notice, the specification of "inadequacy of damages awarded by the jury" and the moving papers make it clear beyond doubt that insufficiency of the evidence was in fact a ground urged by plaintiff, known to defendant and considered and determined by the trial judge in favor of plaintiff.

The granting or denial of a new trial is a matter resting largely in the discretion of the trial court and will not be disturbed except on a manifest and unmistakable abuse. (*McFarland* v. *Voorheis-Trindle Co.*, 52 Cal.2d 698, 707 [343 P.2d 923]; *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 359 [170 P.2d 465]; *Mullin* v. *Kaiser Foundation Hospitals*, 206 Cal.App.2d 23, 29 [23 Cal.Rptr. 410].) Error is

---

[4] "After the case was submitted to the jury it returned a verdict in favor of plaintiff in the sum of $800.00 which said sum, in the opinion of declarant, is totally inadequate based on uncontradicted evidence. Special damages were alleged in the sum of $984.75, and general damages of $20,000.00; that the only witnesses produced by defendant was a medical doctor who examined plaintiff 21 months after the accident, and the store manager, whose only testimony was that the employee who allegedly committed negligence which caused the injuries to plaintiff could not appear at the trial because he was in military service. No defense testimony was directed in the slightest to the question of damages or to the question of liability.

"Declarant states that so long as the jury found there was liability in this case they were duty bound to bring in a verdict for all of the special damages, plus some amount in general damages."

[5] "DAMAGES:

"The assessment of damages is primarily the province of the jury and secondarily the province of the trial court when passing upon a motion for a new trial—*Gersick* v. *Shilling*, 97 C.A.2d 641 [218 P.2d 583], also, in *Hall* v. *Murphy*, 187 C.A.2d 296 [9 Cal.Rptr. 547], it was held that if the trial court believes that the amount of the verdict is grossly inadequate, then the verdict is not supported by the evidence and a new trial should be granted upon the ground of insufficiency of the evidence."

not presumed and the burden is on appellant to affirmatively show its presence in the record. (*Yarrow* v. *State of California,* 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687]; *Thompson* v. *Keckler,* 228 Cal.App.2d 199, 205 [39 Cal.Rptr. 267]; *Benwell* v. *Dean,* 227 Cal.App.2d 226, 231 [38 Cal.Rptr. 542].) Appellant has not sustained its burden of establishing error; and, in the absence of a trial transcript (the cause is before us on the judgment roll alone) there is manifest no abuse of the trial court's discretion in granting the motion for new trial.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.