[Civ. No. 25371.   First Dist., Div. Three.   Sept. 24, 1969.]

JAMES E. MALCOMSON, Plaintiff and Respondent, v.
ROBERT POOL, Defendant and Appellant.

Woodrow W. Kitchel for Defendant and Appellant.

Robert A. Kaiser for Plaintiff and Respondent.

DRAPER, P. J.—This is an action for bodily injuries allegedly sustained by plaintiff when his car was struck from behind as he slowed or stopped on a highway preparatory to making a left turn into a roadside gas station and restaurant. Jury verdict was for plaintiff in the sum of $2,000. Plaintiff moved for new trial on the issue of damages only or, in the alternative, on all issues. The motion was granted, but new trial was limited to the issue of damages only. Defendant appeals.

Some five months after the accident, plaintiff underwent surgery to effect a spinal fusion. Medical expenses were $1,980.65. The trial court, in granting the limited new trial, found that his loss of wages amounted to "over $5,000," and there is medical evidence that the type of work he can perform is now limited.

The defense introduced medical evidence that the back condition was wholly the result of a congenital anomaly. Plaintiff's doctor, on the contrary, attributed the back condition and the necessity of surgery to the accident. The injuries other than that to the back were negligible, and plaintiff does not suggest that the jury could value them, alone, at a figure approaching $2,000. The trial judge made clear his belief that the surgery and the long incapacity for work resulted solely from the injury.

"When the jury fails to compensate plaintiff for the special damages indicated by the evidence, . . . the only reasonable conclusion is that the jurors compromised the issue of liability, and a new trial limited to the damages issue is improper." (*Rose* v. *Melody Lane,* 39 Cal.2d 481, 489 [247 P.2d 335]; see also *Hamasaki* v. *Flotho,* 39 Cal.2d 602 [248 P.2d 910]; *Leipert* v. *Honold,* 39 Cal.2d 462 [247 P.2d 324, 29 A.L.R.2d 1185].)

380

■ Here the jury award exceeded medical specials by less than $20 and included no allowance for loss of wages, which the trial court found to exceed $5,000. ■ Although wage losses do not constitute "special damages" in some technical senses of the term, they are readily measurable in dollars and thus may be distinguished from such items of general damage as awards for pain and suffering. ■ If plaintiff's back condition is attributable to the collision there is no question that his loss of wages far exceeds $20 and thus brings the total of undisputed and readily measured damages to more than the $2,000 awarded by the jury (see *Bencich* v. *Market Street Ry. Co.*, 20 Cal.App.2d 518 [67 P.2d 398]). Thus we conclude that the jury compromised the issue of liability (*Rose* v. *Melody Lane, supra,* 39 Cal.2d 481, 489).

■ We recognize, of course, that limitation of new trial may be justified when the evidence of defendant's negligence is "overwhelming" (*Rose* v. *Melody Lane, supra,* 39 Cal.2d 481, 489).

■ But the evidence here does not meet that standard. Plaintiff testified that he activated the electrical turn signal of his car when defendant's automobile was half a mile to his rear. Defendant testified that he saw no signal, and that plaintiff braked abruptly. Although there were eyewitnesses of the accident, none was in a position to see whether plaintiff's turn signal was operating. Thus the only evidence upon this crucial issue is found in the contradictory testimony of the two parties. In this respect, our case is difficult to distinguish from *Kralyevich* v. *Magrini,* 172 Cal.App.2d 784 [342 P.2d 903], which reversed a limited grant and ordered new trial on all issues. Moreover, the jury in resolving the liability issue, may have been impressed by cross-examination designed to impeach plaintiff's general veracity, even though the trial judge apparently gave it little credence.

We sympathize fully with the desire of a busy trial court to expedite dispositions (see *Leipert* v. *Honold, supra,* 39 Cal.2d 462, 466). But the established restrictions upon limitation of new trial have been exceeded here. Our recent decision upholding a limited grant (*Hatch* v. *Lewis,* 274 Cal.App.2d 150 [78 Cal.Rptr. 794]), is readily distinguishable upon its facts. There the jury award exceeded readily measurable damages, and the crucial issue concerning liablility was easily determinable from photographs before the jury during its deliberations.

The order is reversed, with directions to order a new trial on all issues.

Brown (H. C.), J., and Caldecott, J., concurred.

A petition for a rehearing was denied October 24, 1969, and respondent's petition for a hearing by the Supreme Court was denied November 19, 1969. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.